UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN, ) | |
| ) | Civil Action No. 05-10320-NMG |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | |
| FIRST HARTFORD CORPORATION, ) | |
| ) | |
| *Defendant.* ) | |

## ANSWER OF DEFENDANT FIRST HARTFORD CORPORATION

Defendant First Hartford Corporation ("First Hartford"), through its undersigned counsel, hereby answers the allegations set forth in Plaintiff Richard E. Kaplan ("Kaplan")'s First Amended Complaint and Demand for Jury Trial (the "Amended Complaint") as follows:

## NATURE OF THE ACTION

This section of the Amended Complaint consists of Kaplan's characterization of this action, to which no response is required. To the extent this section requires a response, First Hartford denies the allegations set forth therein.

## THE PARTIES

1. First Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 1 of the Amended Complaint. The allegation in the third sentence of paragraph 1 of the Amended Complaint contains a legal conclusion, to which no response is required.

2. First Hartford admits the allegations in paragraph 2 of the Amended Complaint.

## JURISDICTION AND VENUE

3.  Paragraph 3 of the Amended Complaint contains legal conclusions, to which no response is required.

4.  Paragraph 4 of the Amended Complaint contains legal conclusions, to which no response is required.

## FACTS

5.  First Hartford admits the allegation in the first sentence of paragraph 5 of the Amended Complaint. First Hartford denies the remaining allegations in paragraph 5 of the Amended Complaint.

6.  First Hartford admits that Neil H. Ellis serves as President and a director of First Hartford, but denies the remaining allegations in paragraph 6 of the Amended Complaint.

7.  First Hartford denies the allegations in paragraph 7 of the Amended Complaint, except admits that on or about January 31, 2005 First Hartford sent to its shareholders written notice of the "Annual Meeting of Shareholders" to be held on February 24, 2005, that accompanying the notice were certain proxy solicitation materials (the "Proxy Materials"), and that Kaplan purports to base the Amended Complaint on the Proxy Materials.

8.  The allegations in paragraph 8 of the Amended Complaint refer to the Proxy Materials, the terms of which speak for themselves.

9.  First Hartford denies the allegations in paragraph 9 of the Amended Complaint.

10. The allegations in the first sentence of paragraph 10 of the Amended Complaint refer to the Proxy Materials, the terms of which speak for themselves. First Hartford denies the remaining allegations in paragraph 10 of the Amended Complaint.

11. The allegations in the first sentence of paragraph 11 of the Amended Complaint

refer to the Proxy Materials, the terms of which speak for themselves. First Hartford denies the remaining allegations in paragraph 11 of the Amended Complaint.

    12.    First Hartford denies the allegations in paragraph 12 of the Amended Complaint.

    13.    First Hartford denies the allegations in paragraph 13 of the Amended Complaint.

    14.    The allegations in the first sentence of paragraph 14 of the Amended Complaint refer to the Proxy Materials, the terms of which speak for themselves. First Hartford denies the remaining allegations in paragraph 14 of the Amended Complaint.

    15.    First Hartford denies the allegations in paragraph 15 of the Amended Complaint.

## COUNT I

### (Violation of Section 14(e) of the Securities Exchange Action of 1934, 15 U.S.C. § 78n(e) -- Deceptive and Inadequate Disclosure in Proxy Materials Solicitation)

    16.    First Hartford repeats and incorporates by reference its answers to paragraphs 1 through 15 as if fully set forth herein.

    17.    First Hartford denies the allegations in paragraph 17 of the Amended Complaint.

    18.    First Hartford denies the allegations in paragraph 18 of the Amended Complaint.

    19.    First Hartford denies the allegations in paragraph 19 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Kaplan has failed to state a claim upon which this Court can grant relief.

### Second Affirmative Defense

Kaplan purports to bring this action under Section 14(e) of the Securities Exchange Act of 1934, but that Section does not provide a cause of action arising from the making of material misstatements or omissions under the factual circumstances set forth in the Amended Complaint.

### Third Affirmative Defense

Kaplan has failed to plead adequately that the alleged misrepresentations and omissions were material.

### Fourth Affirmative Defense

Kaplan has failed to plead sufficiently his claims with particularity as required by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4.

### RESERVATION OF RIGHTS

First Hartford reserves the right to amend its Answer and to assert further defenses as may become available during the course of discovery in this action.

### REQUEST FOR JURY TRIAL

First Hartford requests a jury trial on all issues so triable.

 Respectfully submitted,

 FIRST HARTFORD CORPORATION

 By its attorneys,

  /s/ Jonathan I. Handler
 Jonathan I. Handler, BBO #561475
 Jillian B. Hirsch, BBO #659531
 DAY, BERRY & HOWARD LLP
 260 Franklin Street
 Boston, MA 02110-3179
 (617) 345-4600

Dated: April 4, 2005

## CERTIFICATE OF SERVICE

    I, Jillian B. Hirsch, hereby certify that I have served the within *Answer of Defendant First Hartford Corporation* by causing a copy to be mailed, first class postage prepaid and addressed to Larry C. Kenna, Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts, 02109, on this 4th day of April, 2005.

                                                     /s/ Jillian B. Hirsch
                                                   Jillian B. Hirsch