UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FIRST HARTFORD CORPORATION, )<br>)<br>Defendant. )<br>) | Civil Action No. 05-10320-NMG |

## JOINT STATEMENT OF COUNSEL PURSUANT TO LOCAL RULE 16.1(D)

**1.  Rule 26(f)/Local Rule 16.1(D) Conference**

On July 6, 2005, Larry C. Kenna, counsel for plaintiff Richard E. Kaplan ("Kaplan"), and Jonathan I. Handler, counsel for defendant First Hartford Corporation ("First Hartford"), conducted a meeting pursuant to Fed. R. Civ. P. 26(f) and Loc. R. 16.1(D).

**2.  Concise Summary of Positions**

The parties provide the following summaries of their respective positions with respect to liability and relief sought:

(a)  <u>Kaplan</u> – This is a shareholder action brought by the beneficial owner of more than 19% of the outstanding shares of the stock of the defendant First Hartford Corporation ("FHC"). This action arises out of FHC's proxy solicitation in connection with its "Annual Meeting of Shareholders" held on February 24, 2005. The proxy solicitation materials disseminated by FHC contained false or misleading statements of material fact and omitted to state other material facts necessary to make the materials not false or misleading, in violation of the federal securities laws. The plaintiff seeks (i) to void the shareholder votes taken at the

February 2005 meeting; (ii) an order that a new shareholder meeting be called with appropriate notice and pursuant to proxy materials which are complete, accurate, truthful and not misleading; and (iii) an award to the plaintiff of the costs and expenses of this action, including attorneys' fees.

(b)     <u>First Hartford</u> – First Hartford denies the material allegations of the Complaint in this action. Specifically, Kaplan's claim is without merit because the proxy solicitation materials referred to in the Complaint contained no false or misleading statements of material fact, nor did they omit to state other material facts necessary to make the materials not false or misleading. Accordingly, there is no basis for voiding the shareholder votes taken at the February 2005 meeting, for calling a new shareholder meeting, or for awarding plaintiff any costs or expenses, including attorneys' fees.

3.  **Proposed Discovery Plan and Case Schedule**

    The parties' proposal for a discovery plan is as follows.

    (a)   Discovery, including fact and expert depositions, shall be completed on or before November 30, 2005.

    (b)   The parties agree that the discovery event limitations provided in Loc. R. 26.1(C) shall apply unless the parties otherwise agree or a party obtains leave of court to exceed those limitations.

    (c)   Kaplan's expert disclosures shall be made on or before August 31, 2005. First Hartford's expert disclosures shall be made on or before September 30, 2005.

    (d)   Dispositive motions shall be filed on or before December 30, 2005; oppositions shall be filed on or before February 10, 2006; reply briefs shall be filed on or before February 24, 2006

    (e)   The parties will submit witness and exhibit lists in accordance with the schedule set by the Court and as part of the Pretrial Memorandum as provided in Loc. R. 16.5(D).

    (f)   The parties estimate that trial of this case will take three (3) to five (5) days.

4. **Other Matters**

   (a) <u>Trial by Magistrate</u>. The parties do not consent to trial before a U.S. Magistrate Judge.

   (b) <u>Certifications of Consultation</u>: Appended to this joint statement at Exhibits 1 and 2, respectively, are Kaplan's and First Hartford's Local Rule 16.1(D) certifications.

   (c) <u>Settlement Proposals</u>. Pursuant to Local Rule 16.1(C), Kaplan presented First Hartford with a written settlement proposal on July 6, 2005. First Hartford will be prepared to respond to that proposal at the Scheduling Conference on July 12, 2005.

5. **Agenda**

   The parties propose the following agenda for the Scheduling Conference:

   (a) the discovery plan and case schedule outlined above;

   (b) First Hartford's Motion to Consolidate this case with C.A. No. 04-10402-NMG; and

  (c)  such other matters as the Court may find appropriate and useful to discuss.

                     Respectfully submitted,

| | |
|---|---|
| RICHARD E. KAPLAN,<br>By his attorneys, | FIRST HARTFORD CORPORATION,<br>By its attorneys, |
| /s/ Larry C. Kenna<br>Larry C. Kenna, BBO #267760<br>Robert Rothberg, BBO #430980<br>CHOATE, HALL & STEWART LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109<br>(617) 248-5000 | /s/ Jonathan I. Handler<br>Jonathan I. Handler, BBO #561475<br>Jillian B. Hirsch, BBO #659531<br>DAY, BERRY & HOWARD LLP<br>260 Franklin Street<br>Boston, MA 02110-3179<br>(617) 345-4600 |
| | -and- |
| | John B. Nolan (admitted pro hac vice)<br>DAY, BERRY & HOWARD LLP<br>CityPlace I<br>Hartford, CT 06103<br>(860) 275-0100 |

Dated: July 6, 2005

3954212v1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FIRST HARTFORD CORPORATION, ) <br> ) <br> Defendant. ) | Civil Action No. 05-10320-NMG |

**PLAINTIFF'S CERTIFICATION PURSUANT TO
NOTICE OF SCHEDULING CONFERENCE**

Pursuant to paragraph I.(D)(4)(a) and (b) of the Court's Notice of Scheduling Conference dated June 15, 2005, the plaintiff, Richard E. Kaplan, and plaintiff's counsel hereby certify that they have conferred concerning the expected costs of litigation in this matter, as well as alternatives to litigation, and have also conferred concerning the possibility of submitting this matter to alternative dispute resolution programs.

/s/ Richard E. Kaplan
Richard E. Kaplan
Plaintiff

/s/ Larry C. Kenna
Larry C. Kenna (BBO No. 267760)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, Massachusetts 02109
(617) 248-5000

Dated: July 6, 2005

3954294v1

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN,<br><br>         *Plaintiff,*<br><br>v.<br><br>FIRST HARTFORD CORPORATION,<br><br>         *Defendant.* | Civil Action No. 05-10320-NMG |

### FIRST HARTFORD CORPORATION'S
### CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3)

The undersigned hereby certify pursuant to Loc. R. 16.1(D)(3) that they are, respectively, outside counsel for and the president of defendant First Hartford Corporation and that they have conferred as follows:

(a) with a view to establishing a budget for the costs of conducting the full course and various alternative courses of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Loc. R. 16.4.

_____
Jonathan I. Handler, BBO #561475
DAY BERRY & HOWARD LLP
260 Franklin Street
Boston, MA 02110-3179
(617) 345-4600

_____
Neil Ellis
President
First Hartford Corporation
149 Colonial Road
Manchester, CT 06040-2307

July 7, 2005