UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

RICHARD E. KAPLAN,                     )
                                       )
                Plaintiff,             )
                                       )
        v.                             )    Civil Action No. 04-10402-NMG
                                       )
                                       )
FIRST HARTFORD CORPORATION,            )
                                       )
                Defendant.             )
_____   )

_____

RICHARD E. KAPLAN,                     )
                                       )
                Plaintiff,             )
                                       )
        v.                             )    Civil Action No. 05-10320-NMG
                                       )
                                       )
FIRST HARTFORD CORPORATION,            )
                                       )
                Defendant.             )
_____   )

**DEFENDANT FIRST HARTFORD CORPORATION'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO COMPEL**

**I.    Introduction**

        In its First Set of Interrogatories, defendant First Hartford Corporation ("FHC") asks

plaintiff Richard E. Kaplan ("Kaplan") an elementary question:  to "state the basis" for the

allegations of wrongdoing he makes against FHC in his complaint.  Kaplan refuses to do so.

Instead, through counsel, he has repeatedly told FHC that the information it seeks is "obvious"

and has essentially instructed FHC to figure it out for itself.  This Court should not permit

Kaplan to shirk the most basic of his discovery obligations.

II.    **Statement of Facts**

A.    **Procedural Background**

On February 27, 2004, Kaplan filed a complaint in this Court alleging that FHC violated Section 14(e) of the Securities Exchange Act of 1934 ("Section 14(e)") by distributing false and misleading proxy solicitation materials in connection with its January 2004 Annual Meeting of Shareholders (hereinafter "Kaplan I").  The complaint seeks an order voiding the shareholder votes taken at the January 2004 Meeting and requiring that a new shareholder meeting be called.

On February 17, 2005, Kaplan filed a second complaint in this Court again alleging that FHC had violated Section 14(e) by distributing false and misleading proxy solicitation materials, this time in connection with FHC's February 2005 Annual Meeting of Shareholders (hereinafter "Kaplan II").[1]  Similarly, this complaint seeks a judgment that voids the shareholder votes taken at the February 2005 Meeting and orders that a new shareholder meeting be called.

On May 27, 2005, FHC moved to consolidate Kaplan I and Kaplan II.  On July 12, 2005, the parties appeared before the Court for a hearing on FHC's motion.  Following the hearing, the Court consolidated the two cases and issued a Scheduling Order.  Pursuant to the Scheduling Order, on August 15, 2005, the parties filed a Joint Status Report Regarding Alternative Dispute Resolution, which stated that the parties had engaged and would continue to engage in discussions regarding alternative dispute resolution.  Also pursuant to the Scheduling Order, the

---

[1]    References to the complaint in Kaplan II are to the First Amended Complaint Kaplan filed on February 28, 2005.

parties exchanged written discovery on or about August 31, 2005 and responses on or about September 30, 2005.[2]

On September 15, 2005, Kaplan filed a complaint against FHC and Neil Ellis, its President, in the United States District Court for the District of Maine alleging that FHC and Ellis engaged in illegal, oppressive, and fraudulent conduct.  In this action, Kaplan seeks an order dissolving FHC and appointing a receiver for various purposes, or, alternatively, requiring Ellis and/or FHC to purchase Kaplan's shares (and the shares of others interested in selling) at fair value or appoint one or more independent receivers or directors to make recommendations concerning the preservation of FHC's value.

### B.     FHC's Interrogatories

Pursuant to the Scheduling Order, on August 31, 2005, FHC served its First Set of Interrogatories on Kaplan (the "Interrogatories").[3]  On October 12, 2005, Kaplan served his answers ("Kaplan's Response"), which are as follows:[4]

| | |
|---|---|
| Interrogatory No. 1: | State the basis for your contention in paragraph 9 of the Amended Complaint that the "Proxy Materials provided to shareholders were materially false and misleading in several respects." |
| *Answer:* | *See the <u>allegations of the Amended Complaint</u> in paragraphs 10 through 14.* |
| Interrogatory No. 2: | State the basis for your contention in paragraph 10 of the Amended Complaint that "in the case of [FHC], the functions of an audit committee are not fulfilled at all." |
| *Answer:* | *See the <u>allegations of the Amended Complaint</u> contained in paragraph 10.  In addition, <u>information obtained in</u> <u>discovery in</u> <u>the 2004 proxy fraud case</u> supports this contention.* |

---

[2]     Although FHC agreed to Kaplan's request to extend the deadline for written discovery until October 7, 2005, Kaplan did not serve his responses to the Interrogatories until October 12, 2005.  Also, Kaplan's response to FHC's document request omitted one of FHC's numbered requests.

[3]     <u>See</u> Interrogatories (copy attached as Exhibit A).

[4]     <u>See</u> Kaplan's Response (copy attached as Exhibit B).

| Interrogatory No. 3: | State the basis for your contention in paragraph 11 of the Amended Complaint that the "[FHC] Board of Directors does not even pretend to fulfill the role of a compensation committee." |
|---|---|
| *Answer:* | *See the <u>allegations of the Amended Complaint</u> contained in paragraph 11.  In addition, <u>information obtained in</u> <u>discovery in the 2004 proxy fraud case</u> supports this contention.* |
| Interrogatory No. 4: | State the basis for your contention in paragraph 13 of the Amended Complaint that Neil Ellis entered into "self-dealing transactions" with [FHC]. |
| *Answer:* | *See the <u>allegations of the Amended Complaint</u> contained in paragraph 13.  In addition, <u>information obtained in</u> <u>discovery in the 2004 proxy fraud case</u> supports this contention.* |
| Interrogatory No. 5: | State the basis for your contention in paragraph 14 of the Amended Complaint that [FHC]'s Board of Directors "has a long record of permitting, without meetings, actions to benefit themselves at the expense of [FHC] and its shareholders." |
| *Answer:* | *See the <u>allegations of the Amended Complaint</u> contained in paragraph 6, 10-11 and 13.  In addition, <u>information</u> <u>obtained in</u> <u>the 2004 proxy fraud case</u> supports this contention.* |
| Interrogatory No. 6: | State the basis for your contention in paragraph 19 of the Amended Complaint that "Plaintiff has been irreparably harmed." |
| *Answer:* | *See the <u>allegations of the Amended Complaint</u> contained in paragraphs 17-19.* |

<u>See</u> Exhibit B, Kaplan's Response (emphasis added).

By letter dated October 21, 2005, FHC's counsel informed Kaplan's counsel that Kaplan's responses were inadequate because, among other things, they failed to comply with Local Rule 26.5(C)(8), which requires a party responding to "state the basis" interrogatories to identify with specificity each document, communication and act or omission upon which he relies.[5]  Having received no response by October 26, 2005, FHC's counsel wrote for a second time to invite Kaplan's counsel to confer pursuant to Local Rule 37.1 on October 28, 2005 at

---

[5]     <u>See</u> October 21, 2005 letter from J. Hirsch to L. Kenna (copy attached as Exhibit C).

10:00 am.[6]  Later that day, Kaplan's counsel replied by e-mail that he was unavailable on the suggested date but would respond to counsel's letter on October 28, 2005.[7]  He did not propose an alternative date for the Rule 37.1 conference.

By letter dated October 28, 2005,[8] Kaplan's counsel stated that documents and communications that form the basis for the complaint's allegations "should be obvious" to FHC and "go without further identification."  Accordingly, he stated, Kaplan would not supplement his responses.  By letter dated October 31, 2005,[9] FHC's counsel wrote for a third time and again pointed out the deficiencies in Kaplan's answers and extended a second invitation to Kaplan's counsel to confer on November 1, 2005 at 4:00 pm.  However, in an e-mail dated November 1, 2005,[10] Kaplan's counsel refused to confer, stating that "such a conference in the circumstances of this dispute is unnecessary and would be a waste of our time and our clients' money."  See Exhibit H, November 1, 2005 letter from L. Kenna to J. Hirsch (emphasis added).  Further, he stated that he did not "expect that even a good faith conference on both of our parts would narrow [the] areas of disagreement."  See id.

Counsel's outright refusal to discuss the areas of disagreement, despite the requirement that he do so, violates the letter and the spirit of the discovery rules and has compelled FHC to bring this motion to force Kaplan to comply with his basic obligations.

---

[6]  See October 26, 2005 letter from J. Hirsch to L. Kenna (copy attached as Exhibit D).
[7]  See October 26, 2005 e-mail from L. Kenna to J. Hirsch (copy attached as Exhibit E).
[8]  See October 28, 2005 letter from L. Kenna to J. Hirsch (copy attached as Exhibit F).
[9]  See October 31, 2005 letter from J. Hirsch to L. Kenna (copy attached as Exhibit G).
[10]  See November 1, 2005 e-mail from L. Kenna to J. Hirsch (copy attached as Exhibit H).

III.    <u>Argument</u>

It is axiomatic that to effectively and efficiently litigate one's case, a party is entitled to discover all information relevant to the subject matter involved in the dispute. <u>See</u> Fed. R. Civ. P. 26 ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."); <u>see also</u> <u>Buntzman v. Springfield Redevelopment Auth.</u>, 146 F.R.D. 30, 32 (D. Mass. 1993). Relevant information includes the bases for allegations asserted in a pleading by one party against another. <u>See, e.g.</u>, <u>In re Aetna Inc. Secs. Litig.</u>, 1999 U.S. Dist. LEXIS 8038, at *5 (E.D. Pa. June 2, 1999) (holding that facts underlying allegations in the complaint were relevant and discoverable). One common way in which a party may discover this information is by serving contention interrogatories, which ask the opposing party to "state the basis" for certain of its claims. <u>See</u> <u>id.</u> ("Contention interrogatories are a common discovery tool used to discover the facts underlying contentions set forth in pleadings."). Indeed, this type of interrogatory is expressly contemplated by the federal rules. <u>See</u> D. Mass. R. 26.5 (defining "state the basis," which shall "apply to all discovery requests").

Rule 33 places the onus on the responding party to answer each interrogatory fully and in sufficient detail. Moreover, with respect to contention interrogatories, Local Rule 26.5 requires a party responding to a "state the basis" interrogatory to:

(a)    <u>identify each and every document</u> (and where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b)    <u>identify each and every communication</u> which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c)    <u>state separately the acts or omissions to act on the part of any person</u> (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the

source of the party's information regarding the alleged facts or legal
conclusions referred to by the interrogatory; <u>and</u>

(d)     state separately any other fact which forms the basis of the party's
        information regarding the alleged facts or legal conclusions referred to by
        the interrogatory.

D. Mass. R. 26.5 (emphasis added). An answer that simply refers to the allegations in the

complaint or incorporates documents by reference is insufficient.[11]

Here, as set forth above in Section II.B, the Interrogatories ask Kaplan to "state the basis"

for certain allegations in his complaint. Kaplan does not pretend that the Interrogatories are

objectionable. Rather, he responds by stating that the information requested can be found in the

allegations of the complaint and/or documents, which he does not identify, produced in <u>Kaplan I</u>.

Kaplan cannot seriously contend that these responses comply with the discovery obligations set

forth above. In fact, his evasive, vague, and incomplete answers reflect precisely the sort of

gamesmanship that the rules are designed to prevent.

The sole exception to the rule articulated above, which requires Kaplan to state the basis

for his factual allegations by specifically identifying specific documents, communications, and

other facts, is carved out in Rule 33(d). Rule 33(d) allows a party to answer an interrogatory, in

certain circumstances, by referencing <u>with specificity</u> its <u>own</u> business records. Fed. R. Civ. P.

---

[11]     <u>See, e.g.</u>, <u>Mahoney v. Kempton</u>, 142 F.R.D. 32, 33 (D. Mass. 1992) ("With the
exception of Rule 33(c) [now Rule 33(d)] . . . interrogatory answers must be complete in and of
themselves; other documents or pleadings may not be incorporated into an answer by
reference."); <u>see also</u> <u>Union Pac. R.R. Co. v. Larkin</u>, 375 F. Supp. 2d 1313 (D.N.M. 2005)
(holding that a party may not respond to contention interrogatories with "generic reference[s]
to . . . depositions and [other] statements"); <u>The Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of
Pittsburgh</u>, No. 02-4799, 2005 U.S. Dist. LEXIS 1773, at *14-15 (N.D. Cal. Jan. 5, 2005)
(holding that "[r]esponding to an interrogatory with a reference to . . . a document or pleading is
improper"); <u>Stabilus v. Haynsworth, Baldwin, Johnson and Greaves, P.A.</u>, 144 F.R.D. 258, 264
(E.D. Pa. 1992) ("[I]t is improper to answer an interrogatory by merely repeating the allegations
of the complaint.").

33(d). Kaplan admits that Rule 33(d) does not apply here.[12]  However, he apparently believes that because the rule does not apply he is therefore under no obligation to provide specific answers to the Interrogatories.  Kaplan is wrong.  If a party does not properly invoke Rule 33(d), he must answer the interrogatories consistent with Rule 33(b) and Local Rule 26.5, which means he must identify with specificity the factual basis for his allegations.[13]  See, e.g., Jobin v. Kloepfer, No. 95-K-250, 1996 U.S. Dist. LEXIS 10014, at *11 (D. Colo. 1995) (concluding that plaintiff's interrogatory answers were insufficient and reversing bankruptcy court's denial of motion to compel because, among other things, the answers referenced documents produced by a third party and, therefore, Rule 33(d) did not apply).  Kaplan has not done so here.

Kaplan cannot accuse FHC of having committed various wrongdoings and then have its counsel tell FHC in a letter that the information that forms the bases for Kaplan's allegations is

---

[12]    See Exhibit E, October 26, 2005 e-mail from L. Kenna to J. Hirsch (stating that FHC's reliance on Local Rule 33.1 is "misplaced" because Kaplan "did not answer any interrogatory by referring [FHC] to any records from which the answer might be derived or ascertained . . .").

[13]    Even if Rule 33(d) were applicable here, which it is not, Kaplan has not complied with its terms, which state that "[a] specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."  Instead, Kaplan has answered the Interrogatories with repeated vague references to "information obtained in discovery" in Kaplan I, which is plainly insufficient.  See Fed. R. Civ. P. 33; see also D. Mass. R. 33.1.

"obvious" and "should go without further identification."[14]  Kaplan must comply with his

discovery obligations in response to FHC's legitimate requests for such information and must not

be permitted to force Kaplan to do his work for him.  If the information sought by the

Interrogatories is so "obvious" and "should go without further identification," Kaplan should

have no difficulty amending his answers to comply with the rules.

## IV.  Request for Costs and Fees

In addition to the relief requested above, pursuant to Rules 37(a)(4) and 26(g), FHC

requests that this Court order Kaplan and its counsel to pay the attorneys' fees and costs incurred

by FHC in bringing this motion.  Rule 37(a)(4) states that if a motion to compel is granted, "the

court shall, after affording an opportunity to be heard, require the party . . . whose conduct

necessitated the motion or the party or attorney advising such conduct or both of them to pay to

the moving party the reasonable expenses incurred in making the motion, including attorneys'

fees, unless the court finds that . . . the opposing party's nondisclosure, response, or objection

was substantially justified . . . ."  Fed. R. Civ. P. 37(a)(4).  Rule 26(g)(3) similarly provides that:

---

[14]    The documents that Kaplan's counsel claims "should be obvious" to FHC's counsel
and "go without further identification" are the "proxy materials themselves, the documents
produced by [FHC] in response to the plaintiff's discovery requests in [Kaplan I and Kaplan II],
and the admissions made by the officers and directors of [FHC] in the 10Ks filed over the years
and during the depositions taken in [Kaplan I]."  See Exhibit F, October 28, 2005 letter from L.
Kenna to J. Hirsch.  As an initial matter, Kaplan did not identify these documents in his sworn
interrogatory answers; making reference to them in unsworn correspondence does not comply
with Rule 33.  See, e.g., In re Greenwood Aircrash, 161 F.R.D. 387, 392 (S.D. Ind. 1995)
(ordering responding party to provide supplemental interrogatory answers because it was
improper for attorney to clarify interrogatory answers by letter).  Moreover, even if his formal
responses had identified these documents, however, Kaplan's answers would still lack the
specificity required by Local Rule 26.5.

> [i]f without substantial justification a certification [i.e., the signature of an attorney on a discovery response] is made in violation of [Rule 26], the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on which behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fees.

Fed. R. Civ. P. 26(g)(3).[15]

Here, it is evident that Kaplan's position is not "substantially justified" and that FHC's bringing of this motion was not only necessitated by Kaplan's refusal to supplement his answers but also by Kaplan's counsel's unwillingness even to attempt to resolve this dispute informally. Therefore, pursuant to Rules 37(a)(4) and 26(g), if the Court grants this motion, it should also award FHC's its costs and fees.

## V.    **Conclusion**

For the foregoing reasons, FHC respectfully requests that this Court issue an order (a) granting its motion to compel and requiring Kaplan to supplement his responses to the Interrogatories by stating with specificity, in compliance with Local Rule 26.5, all documents, communications, acts or omission, and other facts that form the bases for the allegations at issue, (b) requiring Kaplan and/or his counsel to pay the attorneys' fees and costs incurred by FHC in bringing this motion, and (c) granting FHC such other and further relief as the Court deems just and proper.

---

[15]    As the Reporters Notes to the 1983 Amendment emphasize, "[b]ecause of the asserted reluctance to impose sanctions on attorneys who abuse the discovery rules, . . . Rule 26(g) makes explicit the authority judges now have to impose appropriate sanctions and requires them to use it."

Respectfully submitted,

FIRST HARTFORD CORPORATION

By its attorneys,

 /s/  Jillian B. Hirsch
Jonathan I. Handler, BBO #561475
Jillian B. Hirsch, BBO #659531
DAY, BERRY & HOWARD LLP
One International Place
Boston, MA 02110
(617) 345-4600

-and-

John B. Nolan (admitted *pro hac vice*)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103
(860) 275-0100

Dated:  November 7, 2005

## <u>CERTIFICATE OF SERVICE</u>

I, Jillian B. Hirsch, hereby certify that on this 7th day of November I served a true and correct copy of the foregoing *Defendant First Hartford Corporation's Memorandum of Law in Support of its Motion to Compel* by e-mail and first class mail on Larry C. Kenna, Choate, Hall & Stewart, Two International Place, Boston, Massachusetts, 02110.

/s/  Jillian B. Hirsch
Jillian B. Hirsch

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN, )<br><br>        *Plaintiff,* )<br><br>v. )<br><br>FIRST HARTFORD CORPORATION, )<br><br>        *Defendant.* ) | Civil Action No. 04-10402-NMG |
| RICHARD E. KAPLAN, )<br><br>        *Plaintiff,* )<br><br>v. )<br><br>FIRST HARTFORD CORPORATION, )<br><br>        *Defendant.* ) | Civil Action No. 05-10320-NMG |

## DEFENDANT FIRST HARTFORD CORPORATION'S
## FIRST SET OF INTERROGATORIES (CONSOLIDATED ACTION)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant First Hartford Corporation, by and through its attorneys, Day, Berry & Howard LLP, hereby requests that plaintiff Richard E. Kaplan answer under oath the interrogatories set forth below. Pursuant to the Court's Scheduling Order, a response to this request shall be made on or before September 30, 2005.

### DEFINITIONS

1.    "You" and "your" shall mean Richard E. Kaplan, plaintiff in this action.

2.    "First Hartford" shall mean First Hartford Corporation, defendant in this action, and its present or former agents, attorneys, representatives, officers, directors, employees and anyone acting under their direction or control.

3.    "Amended Complaint" shall mean the First Amended Complaint and Demand for Jury Trial dated February 28, 2005 in the action styled <u>Richard E. Kaplan v. First Hartford Corporation</u>, Civil Action No. 05-10320-NMG.

4.    The definitions in Rule 26.5(C) of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.

5.    The singular form of a word shall be interpreted as the plural and the plural form of the word shall be interpreted as the singular whenever appropriate in order to bring within the scope of this document request documents which otherwise might be considered to be beyond its scope.

<strong><u>INSTRUCTIONS</u></strong>

1.    These discovery requests are continuing in nature.  You are required by Fed. R. Civ. P. 26(e) to supplement your responses if you obtain further or different information and First Hartford specifically reserves the right to seek supplementary responses to these discovery requests before trial.

2.    Where a claim of privilege is asserted in objecting to any discovery request, identify the nature of the privilege (including work product) which is being claimed and the privilege rule being invoked, and for each document withheld provide the following information:

   a.    the type of document;

   b.    the date of the document;

   c.    the author(s), addressee(s) and recipient(s) of the document, and the relationship of the author(s), addressee(s) and recipient(s) to one another;

-2-

d.   any letterhead on the document;

e.   the number of pages;

f.   the identity of any enclosure(s) or attachment(s); and

g.   the subject matter of the document.

## INTERROGATORIES

1.   State the basis for your contention in paragraph 9 of the Amended Complaint that the "Proxy Materials provided to shareholders were materially false and misleading in several respects."

2.   State the basis for your contention in paragraph 10 of the Amended Complaint that "in the case of First Hartford, the functions of an audit committee are not fulfilled at all."

3.   State the basis for your contention in paragraph 11 of the Amended Complaint that the "First Hartford Board of Directors does not even pretend to fulfill the role of a compensation committee."

4.   State the basis for your contention in paragraph 13 of the Amended Complaint that Neil Ellis entered into "self-dealing transactions" with First Hartford.

5.   State the basis for your contention in paragraph 14 of the Amended Complaint that First Hartford's Board of Directors "has a long record of permitting, without meetings, actions to benefit themselves at the expense of First Hartford and its shareholders."

6.   State the basis for your contention in paragraph 19 of the Amended Complaint that "Plaintiff has been irreparably harmed."

Respectfully submitted,

FIRST HARTFORD CORPORATION

By its attorneys,

Jonathan I. Handler, BBO #561475
Jillian B. Hirsch, BBO #659531
DAY, BERRY & HOWARD LLP
One International Place
Boston, MA 02110
(617) 345-4600

-and-

John B. Nolan (admitted *pro hac vice*)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103
(860) 275-0100

Dated: August 31, 2005

-4-

## <u>CERTIFICATE OF SERVICE</u>

I, Jillian B. Hirsch, hereby certify that on this 31st day of August I served a true and correct copy of the foregoing *Defendant First Hartford Corporation's First Set of Interrogatories (Consolidated Action)* by e-mail and first class mail on Larry C. Kenna, Choate, Hall & Stewart, Two International Place, Boston, Massachusetts, 02110.

Jillian B. Hirsch
_____
Jillian B. Hirsch

-5-

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD E. KAPLAN,                )
                                  )
                     Plaintiff,   )
                                  )
             v.                   )    Civil Action No. 05-10320-NMG
                                  )
FIRST HARTFORD CORPORATION,       )
                                  )
                     Defendant.   )

## PLAINTIFF'S ANSWERS TO DEFENDANT FIRST HARTFORD CORPORATION'S FIRST SET OF INTERROGATORIES

Pursuant to Fed.R.Civ.P. Rule 33, plaintiff Richard E. Kaplan hereby answers

Defendant First Hartford Corporation's First Set of Interrogatories, as follows:

### GENERAL OBJECTIONS

1.    The plaintiff Richard E. Kaplan objects to each Interrogatory to the extent that it seeks information that is beyond the scope of discovery in this matter, information protected by a claim of privilege, including without limitation, the attorney-client and/or work product privileges, information prepared in anticipation of litigation or trial, or information otherwise immune from discovery.

2.    The plaintiff Richard E. Kaplan objects to each Interrogatory to the extent that it is overbroad, unduly burdensome, or calls for information that is not reasonably calculated to lead to the discovery of admissible evidence.

3.    The plaintiff Richard E. Kaplan objects to each Interrogatory to the extent that it places a greater burden on the plaintiff than that required by law.

4.    The plaintiff Richard E. Kaplan objects to each Interrogatory to the extent that it seeks information that is within the public domain and equally accessible and available to the defendant.

5.    These General Objections are incorporated into the plaintiff's answer to each Interrogatory made herein.

# ANSWERS

1.    State the basis for your contention in paragraph 9 of the Complaint that the "Proxy Materials provided to shareholders were materially false and misleading in several requests."

ANSWER:    See the allegations of the Amended Complaint in paragraphs 10 through 14.

2.    State the basis for your contention in paragraph 10 of the Amended Complaint that "in the case of First Hartford, the functions of an audit committee are not fulfilled at all."

ANSWER:    See the allegations of the Amended Complaint contained in paragraph 10. In addition, information obtained in discovery in the 2004 proxy fraud case supports this contention.

3.    State the basis for your contention in paragraph 11 of the Amended Complaint that the "First Hartford Board of Directors does not even pretend to fulfill the role of a compensation committee."

ANSWER:    See the allegations of the Amended Complaint contained in paragraph 11. In addition, information obtained in discovery in the 2004 proxy fraud case supports this contention.

4.    State the basis for your contention in paragraph 13 of the Amended Complaint that Neil Ellis entered into "self-dealing transactions" with First Hartford.

ANSWER:    See the allegations of the Complaint contained in paragraph 13. In addition, information obtained in discovery in the 2004 proxy fraud case supports this contention.

2

5.    State the basis for your contention in paragraph 14 of the Amended Complaint that First Hartford's Board of Directors "has a long record of permitting, without meetings, actions to benefit themselves at the expense of First Hartford and its shareholders."

ANSWER:    See the allegations of the Amended Complaint contained in paragraphs 6, 10-11 and 13.  In addition, information obtained in discovery in the 2004 proxy fraud case supports this contention.

6.    State the basis for your contention in paragraph 19 of the Amended Complaint that "Plaintiff has been irreparably harmed."

ANSWER:    See the allegations of the Amended Complaint contained in paragraphs 17-19.

Signed under the pains and penalties of perjury this 7th day of October, 2005

_____
Richard E. Kaplan

As to objections:

_____
Larry C. Kenna (BBO No. 267760)
CHOATE, HALL & STEWART
Two International Place
Boston, MA 02110
(617) 248-5000

Dated: October 12, 2005

3

3991377v1

# EXHIBIT C

FILE COPY

# Day, Berry & Howard LLP

C O U N S E L L O R S   A T   L A W

Jillian B. Hirsch
Direct Dial: (617) 345-4621
E-mail: jbhirsch@dbh.com

October 21, 2005

**BY FACSIMILE AND FIRST CLASS MAIL**

Larry C. Kenna, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110

> Re:   **Richard E. Kaplan v. First Hartford Corporation**
> **C.A. No. 04-10402-NMG / 05-10320-NMG**

Dear Larry:

I write regarding Richard E. Kaplan ("Kaplan")'s answers to First Hartford Corporation ("FHC")'s First Set of Interrogatories. Each of FHC's six interrogatories asks Kaplan to "state the basis" for a particular allegation in the First Amended Complaint. (See, e.g., FHC's Interrogatory No. 1 ("State the basis for your contention in paragraph 9 of the Amended Complaint that the 'Proxy Materials provided to shareholders were materially false and misleading in several respects.'").) Pursuant to Local Rule 26.5(C)(8), in responding to these interrogatories, Kaplan must:

(a)   <u>identify each and every document</u> (and where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b)   <u>identify each and every communication</u> which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c)   <u>state separately the acts or omissions to act on the part of any person</u> (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the source of the party's information

## Day, Berry & Howard LLP

Larry C. Kenna, Esq.
October 21, 2005
Page 2

           regarding the alleged facts or legal conclusions referred to by the interrogatory; <u>and</u>

    (d)    state separately any other fact which forms the basis of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory.

Local Rule 26.5(C)(8) (emphasis added); <u>see also</u> Local Rule 33.1 ("Whenever a party answers an interrogatory by reference to records from which the answer may be derived or ascertained, as permitted in Federal Rules or Civil Procedure 33(c) ... the specification of documents ... shall be in sufficient detail to permit the interrogating party to locate and identify the records and to ascertain the answer as readily as could the party from whom discovery is sought."). Kaplan's responses fail to identify any documents, communications, or acts and omissions and, therefore, are inadequate. Accordingly, please provide supplemental responses to these interrogatories as soon as possible.

                        Sincerely,

                        Jillian B. Hirsch

cc:    First Hartford Corporation

# EXHIBIT D

# Day, Berry & Howard LLP

### C O U N S E L L O R S   A T   L A W



Jillian B. Hirsch
Direct Dial: (617) 345-4621
E-mail: jbhirsch@dbh.com

October 26, 2005

**BY FACSIMILE**

Larry C. Kenna, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110

> **Re:** **Richard E. Kaplan v. First Hartford Corporation**
> **C.A. No. 04-10402-NMG / 05-10320-NMG**

Dear Larry:

We have not heard from you in response to my October 21, 2005 letter, which noted that Richard E. Kaplan's responses to First Hartford Corporation's First Set of Interrogatories are incomplete. Accordingly, please consider this letter an invitation to confer with us by telephone, pursuant to Local Rule 37.1, on Friday, October 28, 2005 at 10:00 a.m. If you will be unavailable at that time, please promptly propose an alternative date and time for the conference on or before November 1, 2005.

Sincerely,

Jillian B. Hirsch

Jillian B. Hirsch

cc:    First Hartford Corporation

TRANSACTION REPORT

OCT-26-05 WED 04:08 PM

| DATE | START | RECEIVER | TX TIME | PAGES | TYPE | NOTE | M# | DP |
|------|-------|----------|---------|-------|------|------|----|----|
| OCT-26 | 04:06 PM | 916172484000 | 1'21" | 2 | SEND | OK | 125 | |

TOTAL :    1M 21S    PAGES:    2

Fax ID: 14758

Time In    '05 OCT 26 PM 4 05    Time Delivered

# FAX TRANSMISSION

## Day, Berry & Howard LLP

One International Place
Boston, Massachusetts 02110
(617) 345-4600
Fax: (617) 345-4745

**From:** Jillian B. Hirsch            **Phone #:** (617) 345-4621
**Date:** October 26, 2005            **Pages:** 2    page(s), including cover page
**Subject:** Richard E. Kaplan v. First Hartford Corporation, C.A. No. 04-10402-NMG / 05-10320-NMG

| NAME | COMPANY | FAX NO. | PHONE NO. |
|------|---------|---------|-----------|
| Larry C. Kenna, Esq. | Choate, Hall & Stewart LLP | (617) 248-4000 | (617) 248-2113 |

If there is any problem during transmission
please call
(617) 345-4647

*This Facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the addressee(s) named above.  If you are not the intended recipient of this facsimile, or the employee or agent

# EXHIBIT E

Message

## Hirsch, Jillian B.

**From:**  Kenna, Larry [LKenna@choate.com]
**Sent:**  Wednesday, October 26, 2005 4:40 PM
**To:**  Hirsch, Jillian B.
**Subject:** Your fax today

Jillian, I will not be in the office tomorrow and will be unavailable on Friday at the time you have proposed. I will try to get you a written response to your letter on Friday, however. Thanks, LCK

Larry C. Kenna



Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-2113
f 617-248-4000
lkenna@choate.com
www.choate.com

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP.  The substance of this message, along with any attachments, may be confidential and legally privileged.  If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

11/7/2005

# EXHIBIT F

# CHOAT

CHOATE HALL & STEWART LLP

Larry C. Kenna
(617) 248-2113
lkenna@choate.com

October 28, 2005

Jillian B. Hirsch, Esq.
Day, Berry & Howard LLP
One International Place
Boston, MA 02110

RE:    Richard E. Kaplan v. First Hartford Corporation
       (C.A. Nos. 04-10402-NMG and 05-10320-NMG)

Dear Jillian:

In response to your facsimiles dated October 21 and 26, 2005, the Amended Complaint sets forth in detail and quite extensively the numerous defects in the proxy materials that the plaintiff contends are materially false and misleading. At paragraphs 10-14 and 18-19 of the Amended Complaint, the plaintiff quite succinctly states the bases for his contentions of First Hartford Corporation's violations of the federal securities laws and for the harm to plaintiff and other shareholders as a result of First Hartford's false and misleading proxy solicitation.

It should be obvious to you, and should go without further identification, that the documents and communications which form the source of the plaintiff's information as set forth in the Amended Complaint are the proxy materials themselves, the documents produced by First Hartford in response to the plaintiff's discovery requests in this case and the 2004 case, and the admissions made by the officers and directors of First Hartford Corporation in the 10Ks filed over the years and during their depositions taken in the 2004 case.

The plaintiff believes that the answers provided to First Hartford Corporation's interrogatories in this case are fully responsive and completely adequate, and that no supplementation of these answers is required.

Very truly yours,

Larry C. Kenna

RECEIVED
OCT 3 1 2005
By_____

# EXHIBIT G

# Day, Berry & Howard LLP

### COUNSELLORS AT LAW

Jillian B. Hirsch
Direct Dial: (617) 345-4621
E-mail: jbhirsch@dbh.com

October 31, 2005

**BY FACSIMILE AND**
**FIRST CLASS MAIL**

Larry C. Kenna, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110

> **Re:**   **Richard E. Kaplan v. First Hartford Corporation**
>       **C.A. No. 04-10402-NMG / 05-10320-NMG**

Dear Larry:

I write in response to your October 28, 2005 letter, which we received today. It is apparent to us from your letter that you have a very different understanding than we do of a party's obligations to respond to written interrogatories. Even if it were "obvious" to First Hartford Corporation ("FHC") which documents and communications form the basis of Richard E. Kaplan ("Kaplan")'s allegations in the First Amended Complaint, which it is not, Kaplan's duty to respond fully and accurately to FHC's First Set of Interrogatories remains unchanged. As I noted in my October 21, 2005 letter, in response to FHC's interrogatories, Local Rule 26.5(C)(8) obligates Kaplan to identify *specifically* the documents, communications, and acts or omissions that form the basis of his allegations in the First Amended Complaint. Kaplan's answers do not provide this information, and your letter does not cure those deficiencies.

It is Kaplan's responsibility to provide sufficient detail to permit FHC "to locate and identify the records and to ascertain the answer as readily as could the party from whom discovery is sought." Local Rule 33.1. Making vague reference to "documents produced by [FHC] in response to the plaintiff's discovery requests in this case and the 2004 case," and to "admissions made . . . in the 10Ks filed over the years and during [FHC witnesses'] depositions" will not suffice. Indeed, this is just the kind of response that the rules were designed to prevent. Moreover, if the identity of these documents is "obvious" and "should go without further identification," Kaplan should have no difficulty in amending his answers to comply with the rules.

## Day, Berry & Howard LLP

Larry C. Kenna, Esq.
October 31, 2005
Page 2

Should Kaplan choose not to amend his responses to FHC's interrogatories, however, please consider this letter a second invitation to confer with us by telephone, pursuant to Local Rule 37.1, on Tuesday, November 1, 2005 at 4:00 p.m.

Sincerely,

*Jillian B. Hirsch*

Jillian B. Hirsch

cc:     First Hartford Corporation

```
**********************************************************************
*                                                              P. 01 *
*                        TRANSACTION REPORT                          *
*                                              OCT-31-05 MON 06:21 PM *
*  DATE  START    RECEIVER        TX TIME    PAGES TYPE    NOTE          M#  DP *
* ------------------------------------------------------------------- *
*  OCT-31 06:19 PM 916172484000    1'50"      3  SEND      OK           156    *
* ------------------------------------------------------------------- *
*                                TOTAL :     1M 50S  PAGES:   3        *
*                                                                      *
**********************************************************************
```

Fax ID: 14818

Time In    '05 OCT 31  PM 5:17                    Time Delivered

# FAX TRANSMISSION

## Day, Berry & Howard LLP

One International Place
Boston, Massachusetts 02110
(617) 345-4600
Fax: (617) 345-4745

**From:**    Jillian B. Hirsch              **Phone #:**  (617) 345-4621
**Date:**    October 31, 2005              **Pages:**    3    page(s), including cover page
**Subject:** Kaplan v. First Hartford

| NAME | COMPANY | FAX NO. | PHONE NO. |
|------|---------|---------|-----------|
| Larry C. Kenna, Esq. | Choate, Hall & Stewart LLP | (617) 248-4000 | (617) 248-2113 |

**If there is any problem during transmission
please call
(617) 345-4647**

*This Facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the
addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent

# EXHIBIT H

## Hirsch, Jillian B.

**From:**    Kenna, Larry [LKenna@choate.com]
**Sent:**    Tuesday, November 01, 2005 11:31 AM
**To:**       Hirsch, Jillian B.; Handler, Jonathan I.
**Subject:** Your facsimile dated October 31, 2005

Jillian and Jonathan--In response to your facsimile dated October 31, 2005, the plaintiff stands on his responses to your interrogatories. The Amended Complaint identifies the documents, communications, acts and omissions and facts which form the source of the plaintiff's information for the facts alleged. See paragraphs 7-14. The plaintiff's interrogatory answers refer you to the appropriate paragraphs of the Amended Complaint. Your reference to Local Rule 33.1 is misplaced. The plaintiff did not answer any interrogatory by referring you to any records from which the answer might be derived or ascertained; all references in the interrogatory answers to the source of the plaintiff's information for the facts alleged were to the Amended Complaint.

I am sending you an email rather than a letter because you have proposed a conference at 4 p.m. today. I will not be available for such a conference today, and in all events feel that such a conference in the circumstances of this dispute is unnecessary and would be a waste of our time and our clients' money. I do not expect that even a good faith conference on both of our parts would narrow our areas of disagreement.

Larry C. Kenna

C H O A T E

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-2113
f 617-248-4000
lkenna@choate.com
www.choate.com

---

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---