UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD E. KAPLAN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-10402-NMG |
| | ) | |
| | ) | |
| FIRST HARTFORD CORPORATION, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

| | | |
|---|---|---|
| RICHARD E. KAPLAN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-10320-NMG |
| | ) | |
| | ) | |
| FIRST HARTFORD CORPORATION, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**DEFENDANT FIRST HARTFORD CORPORATION'S MOTION
FOR LEAVE TO FILE A REPLY MEMORANDUM
IN FURTHER SUPPORT OF ITS MOTION TO COMPEL**

Defendant First Hartford Corporation ("FHC") respectfully moves this Court for leave to file a short reply memorandum to plaintiff Richard E. Kaplan ("Kaplan")'s Opposition to FHC's Motion to Compel. A copy of the proposed reply is attached to this motion as Exhibit "1."

FHC seeks leave to file this short reply brief to respond toseveral new arguments and a number of factually inaccurate assertions made by Kaplan in his opposition. FHC believes the granting of this motion for leave to file a reply will materially assist the Court in rendering its decision on FHC's Motion to Compel.

WHEREFORE, FHC requests that the Court grant its Motion for Leave to File a Reply Memorandum in Further Support of its Motion to Compel.

Respectfully submitted,

FIRST HARTFORD CORPORATION

By its attorneys,


_____/s/ Jonathan I. Handler_____
Jonathan I. Handler, BBO #561475
Jillian B. Hirsch, BBO #659531
DAY, BERRY & HOWARD LLP
One International Place
Boston, MA 02110
(617) 345-4600

-and-

John B. Nolan (admitted *pro hac vice*)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103
(860) 275-0100

Dated: November 23, 2005

## <u>LOC. R. 7.1(A)(2) CERTIFICATION</u>

I, Jillian B. Hirsch, hereby certify that by e-mail dated November 22, 2005 I sought the consent of Larry Kenna, Kaplan's counsel, to FHC's filing of this motion for leave to file a reply memorandum in further support of its motion to compel.  By e-mail dated November 23, 2005, Mr. Kenna informed me that Kaplan would not consent.


       <u>            /s/ Jillian B. Hirsch</u>
       Jillian B. Hirsch

## <u>CERTIFICATE OF SERVICE</u>

I, Jonathan I. Handler, hereby certify that on this 23rd day of November, I served a true and correct copy of the foregoing *Defendant First Hartford Corporation's Motion for Leave to File a Reply Memorandum In Further Support of its Motion to Compel* via e-mail and first class mail on Larry C. Kenna, Choate, Hall & Stewart, Two International Place, Boston, Massachusetts, 02110.

_____/s/ Jonathan I. Handler
Jonathan I. Handler

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD E. KAPLAN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-10402-NMG |
| | ) | |
| | ) | |
| FIRST HARTFORD CORPORATION, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

| | | |
|---|---|---|
| RICHARD E. KAPLAN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-10320-NMG |
| | ) | |
| | ) | |
| FIRST HARTFORD CORPORATION, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**DEFENDANT FIRST HARTFORD CORPORATION'S REPLY
MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO COMPEL**

**ARGUMENT**

**I.    Introduction**

In its Motion, First Hartford Corporation ("FHC") demonstrated that Kaplan should be

ordered to supplement his responses to FHC's First Set of Interrogatories (the "Interrogatories")

because they fail to provide even the most basic information required by the Federal Rules of

Civil Procedure.  In response, and having never mentioned it before, Kaplan now argues that

FHC is essentially estopped from objecting to his deficient responses because FHC did not object

to Kaplan's interrogatory responses in <u>Kaplan I</u>.[1]  Specifically, Kaplan contends that because "FHC accepted [his] interrogatory answers [in <u>Kaplan I</u>] as served" and because Kaplan answered those interrogatories in "virtually the same manner" as he did the Interrogatories here, FHC cannot now be heard to complain about Kaplan's interrogatory responses in <u>Kaplan II</u>. (<u>See</u> Opposition at 2.)  Kaplan's argument, however, is factually inaccurate and legally nonsensical.

II.    <u>**Argument**</u>

    A.    **FHC Did Not Enter Into An "Agreement" Regarding**
        <u>**The Sufficiency Of Kaplan's Discovery Responses In *Kaplan I***</u>

First, Kaplan's contention that the parties reached a so-called "agreement" regarding the sufficiency of Kaplan's discovery responses in <u>Kaplan I</u> that would prevent FHC from pointing to deficiencies in Kaplan's interrogatory responses in <u>Kaplan II</u> is simply wrong.  FHC's decision not to challenge the adequacy of Kaplan's interrogatory responses in <u>Kaplan I</u> has no bearing on its right to challenge the sufficiency of Kaplan's answers in <u>Kaplan II</u>.  FHC never entered into any "agreement" with respect to Kaplan's interrogatory responses in <u>Kaplan I</u>; it merely chose at that time not to challenge their adequacy.  Moreover, had Kaplan genuinely believed that the parties entered into such an agreement, presumably he would have mentioned that to FHC rather than raising it for the first time in his opposition.  Indeed, Kaplan's counsel wrote to FHC's counsel twice regarding this discovery dispute (<u>see</u> Exhibits F and H to FHC's Motion) and on neither occasion did he reference the alleged "agreement."  There can be no better evidence that such an "agreement" does not exist.

---

[1] In FHC's Motion to Compel (the "Motion"), for ease of reference, FHC defined the action Kaplan filed on February 27, 2004 as <u>Kaplan I</u> and the action Kaplan filed on February 17, 2005 as <u>Kaplan II</u>.

**B.    FHC's Acceptance Of Kaplan's Interrogatory Responses
In *Kaplan I* Does Not Restrict Its Right To Challenge
<u>The Sufficiency Of Kaplan's Interrogatory Responses In *Kaplan II*</u>**

Second, even if FHC's past practice in some way limited its rights in this situation --

which it does not -- Kaplan's argument nonetheless fails because, contrary to his contention,

Kaplan did <u>not</u> answer the two sets of interrogatories in "virtually the same manner."

(Opposition at 2.)  In response to FHC's interrogatories in <u>Kaplan I</u>, Kaplan referred FHC to

specific allegations in the complaint and FHC's 10-K for the year ended April 30, 2003.  (<u>See</u>

Kaplan's Responses to FHC's Interrogatories in <u>Kaplan I</u>, attached as Exhibit A hereto, at ¶¶ 2-

6.)  Although these answers did not comply with the requirements of the federal rules, FHC

ultimately chose not to challenge them because they provided FHC with information that was

sufficient at the time.  In response to the Interrogatories in <u>Kaplan II</u>, however, Kaplan cites not

only to specific allegations in the complaint but also to "<u>information obtained in discovery in the</u>

<u>2004 proxy fraud case</u>," <u>i.e.</u>, <u>Kaplan I</u>.  (<u>See</u> Kaplan's Responses to FHC's Interrogatories in

<u>Kaplan II</u>, attached as Exhibit B to the Motion, at ¶¶ 2-5.)  This vague reference to "information

obtained in discovery" leaves FHC to figure out for itself the documents upon which Kaplan

bases his allegations.  Because Kaplan's answers to FHC's interrogatories in <u>Kaplan I</u> and

<u>Kaplan II</u> are significantly different, Kaplan cannot seriously contend that FHC's acceptance of

Kaplan's answers in <u>Kaplan I</u> in any way binds FHC to accept Kaplan's responses in <u>Kaplan II</u>.

**C.    <u>Kaplan's Attempt To Portray FHC As Uncompromising Is Absurd</u>**

Based on the foregoing and on the arguments set forth in the Motion, it is apparent that

Kaplan's interrogatory responses in <u>Kaplan II</u> are inadequate and must be supplemented.

Kaplan's contention that FHC's conduct in bringing this Motion "smack[s] of a purpose to harass

the other party by forcing his counsel needlessly to engage in busywork that does not serve the

legitimate ends of discovery" is therefore puzzling.  (See Opposition at 8.)  FHC seeks only to have Kaplan comply with his basic discovery obligations; it is hard to understand how that would consitute "busywork."

Equally puzzling is Kaplan's attempt to excuse that his counsel "balked at participating" in a discovery conference by claiming that FHC's counsel "had no intention whatsoever of accepting Mr. Kaplan's responses . . . or of moving off their slavish adherence to their new-found interpretation of Mr. Kaplan's [discovery] 'obligations'."  (Opposition at 7.)  These vituperative accusations do not change what counsel's letters themselves plainly demonstrate: FHC was willing to work toward an informal resolution of this discovery dispute, and Kaplan was not.  Likewise, Kaplan's suggestion that FHC's unwillingness to compromise its position prior to the discovery conference obviated the need for Kaplan's counsel to participate in the meeting turns Rule 37.1 on its head.  Rule 37.1 requires counsel to conduct a conference, prior to filing a discovery motion, during which counsel for both parties are required to discuss their respective positions and attempt in good faith to narrow the areas of disagreement.  See D. Mass. R. 37.1.  The local rule does not require counsel for either side to capitulate in advance of the conference nor does it permit one side to unilaterally conclude that opposing counsel's unwillingness to do so justifies a refusal to confer.  Kaplan's counsel's admitted refusal, for whatever reason, to confer pursuant to Rule 37.1 speaks for itself.

III.    <u>Conclusion</u>

For the above-stated reasons, FHC respectfully requests that this Court grant its Motion and award such other and further relief, including attorneys' fees and costs, as it deems just and proper.

Respectfully submitted,

FIRST HARTFORD CORPORATION

By its attorneys,

_____/s/ Jonathan I. Handler_____
Jonathan I. Handler, BBO #659531
Jillian B. Hirsch, BBO #659531
DAY, BERRY & HOWARD LLP
One International Place
Boston, MA 02110
(617) 345-4600

                    -and-

John B. Nolan (admitted *pro hac vice*)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103
(860) 275-0100

Dated: November 23, 2005

<u>**CERTIFICATE OF SERVICE**</u>

      I, Jonathan I. Handler, hereby certify that on this 23rd day of November 2005, I served a true and correct copy of the foregoing *Defendant First Hartford Corporation's Reply Memorandum In Further Support of its Motion to Compel* via e-mail and first class mail on Larry C. Kenna, Choate, Hall & Stewart, Two International Place, Boston, Massachusetts, 02110.

                                     <u>     /s/ Jonathan I. Handler</u>
                                       Jonathan I. Handler

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN,<br><br>   Plaintiff,<br><br>     v.<br><br>FIRST HARTFORD CORPORATION,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04-10402-RCL<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S ANSWERS TO DEFENDANT FIRST HARTFORD CORPORATION'S FIRST SET OF INTERROGATORIES

Pursuant to Fed.R.Civ.P. Rule 33, plaintiff Richard E. Kaplan hereby answers

Defendant First Hartford Corporation's First Set of Interrogatories, as follows:

GENERAL OBJECTIONS

1. The plaintiff Richard E. Kaplan objects to each Interrogatory to the extent that it seeks information that is beyond the scope of discovery in this matter, information protected by a claim of privilege, including without limitation, the attorney-client and/or work product privileges, information prepared in anticipation of litigation or trial, or information otherwise immune from discovery.

2. The plaintiff Richard E. Kaplan objects to each Interrogatory to the extent that it is overbroad, unduly burdensome, or calls for information that is not reasonably calculated to lead to the discovery of admissible evidence.

3. The plaintiff Richard E. Kaplan objects to each Interrogatory to the extent that it places a greater burden on the plaintiff than that required by law.

4. The plaintiff Richard E. Kaplan objects to each Interrogatory to the extent that it seeks information that is within the public domain and equally accessible and available to the defendant.

5. These General Objections are incorporated into the plaintiff's answer to each Interrogatory made herein.

3700282v1

ANSWERS

1.     State the basis for your contention in paragraph 9 of the Complaint that Mr. Ellis "sent notices to many shareholders to out of date addresses, in order to discourage any meaningful shareholder participation."

ANSWER:     I am aware of shareholders who did not receive the proxy materials at their current addresses. I believe that Mr. Greenwald admitted to not having current addresses for some shareholders.

2.     State the basis for your contention in paragraph 10 of the Complaint that the "Proxy Materials provided to shareholders were materially false and misleading in several respects."

ANSWER:     See the allegations of the Complaint contained in paragraphs 9 and 11 through 20.

3.     State the basis for your contention in paragraph 11 of the Complaint that the January 2004 Meeting was First Hartford's "first meeting of the stockholders since February, 1986."

ANSWER:     First Hartford's Form 10-K for Fiscal Year ended April 30, 2003 so states.

4.     State the basis for your contention in paragraph 15 of the Complaint that the "First Hartford Board of Directors does not fulfill the functions of an audit committee."

ANSWER:     See the allegations of the Complaint contained in paragraph 15.

5.     State the basis for your contention in paragraph 16 of the Complaint that the "First Hartford Board of Directors does not even pretend to fulfill the role of a compensation committee."

ANSWER:     See the allegations of the Complaint contained in paragraph 16.

2

6.     State the basis for your contention in paragraph 25 of the Complaint that "Plaintiff has been irreparably harmed."

ANSWER:    See the allegations of the Complaint contained in paragraphs 23 and 24.

7.     State the number of shares of the common stock of First Hartford (the "Shares") that you presently hold, or ever held at any time, and the period during which such shares were held.

ANSWER:    The plaintiff objects to this interrogatory on the grounds that it is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the plaintiff states that he has owned of record and beneficially, with sole voting power over, more than one thousand shares of the common stock of First Hartford at all times during the past ten years.

8.     With regard to the transfer of 111,818 Shares to you by your wife on January 23, 2004 (the "Transfer"):

a.     Explain the reason for the Transfer, including any reason underlying the timing of the Transfer; and

b.     Explain why the Transfer was made without consideration.

ANSWER:    The plaintiff objects to this interrogatory on the ground that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.

9.     Identify any person(s) with whom you share voting power over any of your Shares.

ANSWER:    The plaintiff objects to this interrogatory on the ground that it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the plaintiff states that he has owned of record and beneficially, with

3

sole voting power over, more than one thousand shares of the common stock of First Hartford at all times during the past ten years.

10.    For each person identified in response to Interrogatory No. 9, state the number of Shares for which you share voting power with that person.

ANSWER:    See the response to Interrogatory No. 9.

Signed under the pains and penalties of perjury this 20th day of May, 2004

_____
Richard E. Kaplan

As to objections:

_____
Larry C. Kenna (BBO No. 267760)
CHOATE, HALL & STEWART
53 State Street
Exchange Place
Boston, MA 02109
(617) 248-5000

Dated: May 20, 2004

4

3700282v1