UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
RICHARD E. KAPLAN,                 )
                                   )
            Plaintiff,             )
                                   )
      v.                           )   Civil Action No. 05-10320-NMG
                                   )
FIRST HARTFORD CORPORATION,        )
                                   )
            Defendant.             )
_____)


**PLAINTIFF RICHARD E. KAPLAN'S MOTION FOR LEAVE
TO FILE A RESPONSE TO DEFENDANT FIRST HARTFORD CORPORATION'S
REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO COMPEL**

The plaintiff Richard E. Kaplan respectfully requests leave of Court to file a response to the Defendant First Hartford Corporation's Reply Memorandum in Further Support of its Motion to Compel. A copy of the plaintiff's response is attached to this motion and marked Exhibit A.

The defendant First Hartford Corporation ("FHC") moved to compel the plaintiff to supplement certain of its answers to FHC's so-called contention interrogatories. Mr. Kaplan opposed that motion because his interrogatory answers were not only adequate, but because virtually the same answers had been accepted as adequate by FHC in a consolidated case.

FHC's proposed reply denies its prior agreement regarding the sufficiency of the interrogatory answers in the consolidated case. At the same time, however, FHC acknowledges that it abandoned its initial challenge to those answers following a discovery conference because those answers "provided FHC with information that was sufficient at the time." See Defendant First Hartford Corporation's Reply Memorandum in Further Support of its Motion to Compel, filed on November 23, 2005, at p.3.

In view of FHC's characterization in its reply of Mr. Kaplan's opposition as containing "a number of factually inaccurate assertions," Mr. Kaplan respectfully submits that he should be granted leave to respond.

Respectfully submitted,

RICHARD E. KAPLAN,
Plaintiff,

By his attorneys,

/s/ Larry C. Kenna
Larry C. Kenna (BBO No. 267760)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-5000

Dated: November 30, 2005

4016925

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD E. KAPLAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-10320-NMG |
| ) | |
| FIRST HARTFORD CORPORATION, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF RICHARD E. KAPLAN'S RESPONSE TO DEFENDANT FIRST HARTFORD CORPORATION'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO COMPEL

The plaintiff's opposition to FHC's motion to compel does not contain "a number of factually inaccurate assertions."[1] These are the facts:

In the first proxy fraud case ("Kaplan I") filed by the plaintiff Mr. Kaplan against the defendant First Hartford Corporation ("FHC"), FHC served so-called contention interrogatories on the plaintiff and the plaintiff answered those interrogatories by referring the defendant to the detailed allegations of the complaint. FHC objected to those answers as noncompliant with the discovery rules. The parties held a discovery conference, following which Mr. Kaplan reported to the Court as follows: "With respect to the plaintiff Mr. Kaplan's answers to the defendant

---

[1] FHC's practice in this litigation is to level this accusation against the plaintiff whenever it needs an excuse for seeking to file a reply memorandum to the plaintiff's opposition to an FHC motion. For example, in Kaplan I, Judge Gorton, on November 29, 2004, ordered FHC to produce its list of shareholders to Mr. Kaplan. FHC filed a "Motion for Reconsideration or Clarification" of Judge Gorton's Order. After Mr. Kaplan filed his opposition to FHC's "Motion for Reconsideration or Clarification," in which Mr. Kaplan pointed out that FHC's argument for reconsideration was grossly misleading and sanctionable, FHC sought leave to file a reply memorandum "to respond to a number of factually inaccurate assertions made by Kaplan in his opposition." Despite its claim that the plaintiff had made "a number of factually inaccurate assertions" in a document filed with the Court in connection with a motion made by FHC, FHC -- without prior notice to Mr. Kaplan or any explanation whatsoever -- withdrew its "Motion for Reconsideration or Clarification" before that motion was decided by the Court.

FHC's . . . [contention interrogatories], FHC had asserted that the answers . . . were inadequate because the plaintiff referred FHC to the allegations of the Complaint. The parties agreed that no supplementation was required at this time since the basis for the plaintiff's allegations were set forth in the Complaint." FHC did not take issue with this statement of the parties' agreement when it was reported to the Court in July, 2004.[2] Indeed, as admitted by FHC in its Reply Memorandum at page 3, ". . . FHC ultimately chose not to challenge [the interrogatory answers] because they provided FHC with information that was sufficient at the time."

In May, 2005, after Mr. Kaplan filed his complaint in the second proxy fraud case ("Kaplan II"), FHC moved to consolidate the two cases on the ground that "[t]he complaint in Kaplan II is virtually identical to the complaint in Kaplan I . . . ." FHC's motion was allowed and the cases were consolidated in July, 2005.

In the consolidated cases, FHC again served so-called contention interrogatories on the plaintiff and the plaintiff answered those interrogatories by referring the defendant to the detailed allegations of the second complaint. In Kaplan II, however, FHC apparently decided not to honor its prior agreement that the basis for the plaintiff's allegations were set forth sufficiently in the complaint. Instead, FHC told counsel for Mr. Kaplan that it would accept nothing short of supplementation even if it were obvious to FHC which documents and facts formed the basis for Mr. Kaplan's allegations in the Kaplan II complaint.[3] FHC then moved to compel the plaintiff to

---

[2] The parties' agreement with respect to Mr. Kaplan's answers to FHC's contention interrogatories in Kaplan I was reported to the Court in accordance with the provisions of L.R. 37.1(B)(2) ("If a discovery conference was held, the [memorandum supporting a motion to compel shall state with particularity] time, date, location and duration of the conference; who was present for each party; *the matters on which the parties reached agreement*; and the issues remaining to be decided by the court; . . . .") (emphasis supplied).

[3] Mr. Kaplan's counsel balked at participating in a discovery conference in Kaplan II after FHC's counsel wrote to him as follows: "It is apparent to us . . . that you have a very different understanding than we do of a party's obligations to respond to written interrogatories. Even if it were 'obvious' to [FHC] which documents and communications form the basis of [Mr. Kaplan's] allegations . . . Kaplan's duty to respond fully and accurately [to FHC's contention interrogatories] remains unchanged." See Exhibit G attached to FHC's motion to compel.

2

supplement certain of its answers, and following Mr. Kaplan's opposition to its motion to compel, has filed a reply to the opposition in which it now denies its prior agreement that the interrogatory answers were sufficient and erroneously asserts that Mr. Kaplan's answers in Kaplan I are "significantly different" than his answers in Kaplan II.

Apparently, FHC seeks to persuade this Court that it does not have to honor its past agreements and practices -- indeed, that it can even deny their very existence -- and can move to compel and seek sanctions if their opponent does not remind them of those past agreements and practices. In nearly the same breath, however, FHC admits that it chose not to challenge the interrogatory answers in Kaplan I "because they provided FHC with information that was sufficient at the time." *See* Defendant First Hartford Corporation's Reply Memorandum in Further Support of its Motion to Compel, filed on November 23, 2005, at p.3.

As the Court can plainly see from a comparison, the answers given in Kaplan I and Kaplan II are virtually the same answers to virtually the same interrogatories. If FHC could figure out what Mr. Kaplan based his contentions on from his answers in Kaplan I, surely it can do the same from his answers in Kaplan II without further supplementation.

The plaintiff's position has been consistent and has relied on the detailed allegations in the complaints and FHC's prior acceptance of the answers after the discovery conference in Kaplan I. The plaintiff's answers in Kaplan II were substantially justified in the circumstances of these consolidated cases, and FHC's motion to compel should be denied.

Respectfully submitted,

RICHARD E. KAPLAN,
Plaintiff,

By his attorneys,

/s/ Larry C. Kenna
Larry C. Kenna (BBO No. 267760)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-5000

Dated: November 30, 2005

4017061