UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FIRST HARTFORD CORPORATION, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 04-10402-NMG |
| RICHARD E. KAPLAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FIRST HARTFORD CORPORATION, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 05-10320-NMG |

**PLAINTIFF'S L.R. 56.1 STATEMENT OF MATERIAL FACTS
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to L.R. 56.1, the plaintiff Richard E. Kaplan ("Kaplan") hereby submits his statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried.[1]

1.   The January 2004 Proxy Statement was materially false and misleading in several respects, as detailed in the Complaint and Demand for Jury Trial filed by Kaplan against FHC in

---

[1] The defendant First Hartford Corporation's ("FHC") Memorandum of Law in Support of its Motion for Summary Judgment, at pp. 2-6, contains a section entitled "Statement of Undisputed Facts." If this section of FHC's memorandum of law is intended to meet the requirements of this Court's L.R. 56.1, Kaplan objects and challenges the sufficiency of FHC's submission. FHC's Motion for Summary Judgment should be denied for failure to comply with L.R. 56.1.

February, 2004. <u>See</u> <u>Richard E. Kaplan v. First Hartford Corporation</u> (C.A. No. 04-10402-NMG) (hereinafter "<u>Kaplan I</u>").

2.  The February 2005 Proxy Statement was materially false and misleading in several respects, as detailed in the First Amended Complaint and Demand for Jury Trial filed by Kaplan against FHC in February, 2005. <u>See</u> <u>Richard E. Kaplan v. First Hartford Corporation</u> (C.A. No. 05-10320-NMG) (hereinafter "<u>Kaplan II</u>").

3.  The October 2005 Proxy Statement distributed by FHC to shareholders in connection with the November 2005 Meeting, was not a "revised proxy statement." It was a proxy statement issued in connection with the November 30, 2005 Annual Meeting of the Shareholders.

4.  The October 2005 Proxy Statement did not remedy the materially false and misleading statements contained in the January 2004 and February 2005 Proxy Statements, and was itself materially false and misleading in several respects.

5.  On March 9, 2006, Kaplan filed a Complaint and Demand for Jury Trial in this Court challenging the October 2005 Proxy Statement and seeking to void the votes taken at the November 30, 2005 Meeting. <u>See</u> <u>Richard E. Kaplan v. First Hartford Corporation</u> (C.A. No. 06-10424-NMG) ("<u>Kaplan III</u>").

6.  If the plaintiff prevails in <u>Kaplan III</u>, and is granted the relief he seeks in that case, then (i) the shareholder votes taken at the November 30, 2005 Meeting and any actions taken pursuant thereto (including the election of directors, the ratification of FHC 2003 Stock Option Plan, the ratification of the grant of non-qualified stock options to five individuals, and the ratification of the grant of put options to five individuals) will be voided; (ii) FHC will be ordered to call a new shareholder meeting, with appropriate notice and pursuant to proxy

materials which remedy the defects in the October 2005 Proxy Statement and which are complete, accurate, truthful and not misleading; and (iii) Kaplan will be awarded the costs and expenses of his proxy fraud suits, including attorneys' fees.

7. The relief sought by the plaintiff in Kaplan I includes the award of costs and expenses, including attorneys' fees, and "All such other and further relief as the Court deems just and proper."

8. The relief sought by the plaintiff in Kaplan II includes the award of costs and expenses, including attorneys' fees, and "All such other and further relief as the Court deems just and proper."

9. The FHC 2003 Stock Option Plan was ratified pursuant to a materially false and misleading proxy solicitation by FHC's management, distributed in October 2005 in connection with the November 30, 2005 Annual Meeting of Shareholders.

10. The defeat in February 2005 of Kaplan's shareholder proposal for the election of 80% independent directors was not addressed in the October 2005 Proxy Statement nor was the vote defeating the Kaplan shareholder proposal ratified at the November 30, 2005 Meeting.

Respectfully submitted,

RICHARD E. KAPLAN,
Plaintiff,

By his attorneys,

/s/ Larry C. Kenna
Larry C. Kenna (BBO No. 267760)
Robert Rothberg (BBO No. 430980)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-5000

Dated: March 15, 2006

4055183