UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD E. KAPLAN, ) | | |
| ) | | |
| *Plaintiff,* ) | | |
| ) | | |
| v. ) | Civil Action No. 04-10402-NMG | |
| ) | | |
| FIRST HARTFORD CORPORATION, ) | | |
| ) | | |
| *Defendant.* ) | | |

| | | |
|---|---|---|
| RICHARD E. KAPLAN, ) | | |
| ) | | |
| *Plaintiff,* ) | | |
| ) | | |
| v. ) | Civil Action No. 05-10320-NMG | |
| ) | | |
| FIRST HARTFORD CORPORATION, ) | | |
| ) | | |
| *Defendant.* ) | | |

**DEFENDANT FIRST HARTFORD CORPORATION'S MOTION
FOR LEAVE TO FILE A REPLY MEMORANDUM IN FURTHER
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant First Hartford Corporation ("FHC") respectfully moves this Court for leave to file a short reply memorandum in response to plaintiff Richard E. Kaplan ("Kaplan")'s opposition to (the "Opposition") and in further support of FHC's motion for summary judgment (the "Motion"). A copy of the proposed reply is attached to this motion as Exhibit "1."

On March 8, 2006, one week after FHC filed the Motion, Kaplan commenced a new action in this Court styled <u>Kaplan v. First Hartford Corporation</u>, Civil Action No. 06-10424 ("<u>Kaplan III</u>"). Based on the allegations in <u>Kaplan III</u>, Kaplan argues in the Opposition that the Motion should be denied. To respond to this new argument and a number of factually and

-2-

legally inaccurate assertions made by Kaplan in the Opposition, FHC seeks leave to file this short reply memorandum. FHC believes the granting of this motion for leave to file a reply will materially assist the Court in rendering its decision on the Motion.

WHEREFORE, FHC requests that the Court grant its Motion for Leave to File a Reply Memorandum in Further Support of its Motion for Summary Judgment.

                                                      Respectfully submitted,

                                                      FIRST HARTFORD CORPORATION

                                                      By its attorneys,

                                                      /s/ Jonathan I. Handler
                                                     Jonathan I. Handler, BBO #561475
                                                     Jillian B. Hirsch, BBO #659531
                                                     DAY, BERRY & HOWARD LLP
                                                     One International Place
                                                     Boston, MA 02110
                                                     (617) 345-4600

                                                            -and-

                                                     John B. Nolan (admitted *pro hac vice*)
                                                     DAY, BERRY & HOWARD LLP
                                                     CityPlace I
                                                     Hartford, CT 06103
                                                     (860) 275-0100

Dated: March 28, 2006

-3-

## LOC. R. 7.1(A)(2) CERTIFICATION

      I, Jillian B. Hirsch, hereby certify that by e-mail dated March 27, 2006, I sought the assent of Larry Kenna, Kaplan's counsel, to FHC's filing of this motion for leave to file a reply memorandum in further support of its motion for summary judgment. Kaplan's counsel assented to the filing of this motion in exchange for FHC agreeing to assent to Kaplan's filing of a motion for leave to respond to FHC's reply memorandum.

                                                                              /s/ Jillian B. Hirsch
                                                                                 Jillian B. Hirsch

Case 1:05-cv-10320-NMG   Document 20   Filed 03/28/2006   Page 3 of 4

-4-

## CERTIFICATE OF SERVICE

    I, Jillian B. Hirsch, hereby certify that on this 28th day of March, I served a true and correct copy of the foregoing *Defendant First Hartford Corporation's Motion for Leave to File a Reply Memorandum In Further Support of its Motion for Summary Judgment* via e-mail and first class mail on Larry C. Kenna, Choate, Hall & Stewart, Two International Place, Boston, Massachusetts, 02110.

                                                                 /s/ Jillian B. Hirsch
                                                                    Jillian B. Hirsch

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN, <br><br> *Plaintiff,* <br><br> v. <br><br> FIRST HARTFORD CORPORATION, <br><br> *Defendant.* | Civil Action No. 04-10402-NMG |
| RICHARD E. KAPLAN, <br><br> *Plaintiff,* <br><br> v. <br><br> FIRST HARTFORD CORPORATION, <br><br> *Defendant.* | Civil Action No. 05-10320-NMG |

**DEFENDANT FIRST HARTFORD CORPORATION'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant First Hartford Corporation ("FHC") respectfully submits this reply memorandum of law in response to plaintiff Richard E. Kaplan ("Kaplan")'s opposition to (the "Opposition") and in further support of FHC's motion for summary judgment (the "Motion").

**ARGUMENT**

**I.    The Filing Of "Kaplan III" Has No Bearing On This Case**

In the Motion, FHC demonstrated that it is entitled to summary judgment on all of Kaplan's claims because they have been rendered moot since the filing of Kaplan I and Kaplan II. Specifically, as FHC demonstrated in the Motion, Kaplan cannot obtain the relief he seeks with respect to the election of directors because: (i) the terms for which the directors had been

elected to serve at the January 2004 and February 2005 annual shareholders meetings -- the meetings at issue in these cases -- have already expired; and (ii) FHC has, in effect, already granted Kaplan the relief he seeks by distributing the October 2005 proxy statement (the "October 2005 Proxy Statement") and convening the November 2005 annual shareholders meeting (the "November 2005 Meeting") at which directors were again elected.  Moreover, as set forth in the Motion, Kaplan cannot obtain the relief he seeks with respect to the 2003 Stock Option Plan (the "Plan") because at the November 2005 Meeting the shareholders voted to ratify the Plan based on the October 2005 Proxy Statement.

Apparently aware that he could not dispute the merits of the Motion, Kaplan chose to attempt to survive summary judgment by filing a *third* lawsuit in this Court alleging that the October 2005 Proxy Statement is false and misleading ("Kaplan III").  Relying wholly on the allegations of Kaplan III, Kaplan argues in his Opposition that his claims in this litigation are not moot because the October 2005 Proxy Statement is subject to challenge and, therefore, the validity of the votes cast at the November 2005 Meeting to elect directors and ratify the Stock Option Plan is still in question.

Simply put, the filing of Kaplan III cannot save the claims in this litigation.  These cases rise and fall on the allegations in Kaplan I and Kaplan II, not the allegations in Kaplan III. Whether the October 2005 Proxy Statement is deficient in some respect is the subject of Kaplan III only; it has no bearing on these cases.  Kaplan himself has conceded that the relief he seeks in Kaplan III is in no way related to the relief he seeks in Kaplan I and Kaplan II.  (See Statement of Material Facts In Opposition To Defendant's Motion for Summary Judgment ¶ 6.)  Accordingly, the Court should grant the Motion.

**II.    Kaplan Misunderstands FHC's Argument Regarding The Election Of Directors**

Kaplan contends that his claims in Kaplan I and Kaplan II regarding the election of directors are not moot because the complaint in Kaplan III challenges the validity of the election of directors at the November 2005 Meeting.  Kaplan, however, misses the point.  Kaplan does not dispute that Kaplan I and Kaplan II involve challenges to the elections of directors at the January 2004 and February 2005 Meetings for terms that have already been completed.  Whether those elections were objectionable in some respect is no longer of any consequence because the Court cannot enjoin directors from serving expired terms.  Again, whether the November 2005 election was objectionable is an entirely separate matter that is the subject of Kaplan III, *not* Kaplan I or Kaplan II.  While Kaplan is certainly within his rights to file yet another case, it has no bearing on his claims in *these* cases.[1]

**III.   FHC Has Complied With Local Rule 56.1**

Without citation to any authority, Kaplan argues that the Motion should be denied because FHC "failed to serve with its motion a concise statement of the material facts of record as to which it contends there is no genuine issue to be tried, as required by L.R. 56.1." (Opposition at 3.)  Kaplan is mistaken.  Local Rule 56.1 provides that "[motions] for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits,

---

[1] Kaplan contends that the cases cited by FHC in support of the Motion are not applicable here because the plaintiff in those cases "was not challenging the later election of those directors to new terms." (Opposition at 5.)  Neither is Kaplan, however.  While Kaplan challenges the 2005 election of FHC's directors in Kaplan III, the validity of that election is *not* the subject of these actions and, therefore, is not before the Court.  Like the plaintiff in Buckley v. Archer-Daniels-Midland Co., Kaplan "has not sought leave to amend [his] complaint to allege a claim based on the [October 2005 Proxy Statement];" therefore, the "only question properly before the Court -- the validity of the [January 2004 and February 2005 Proxy Statements] -- is no longer viable." 111 F.3d 524, 526-27 (7th Cir. 1997).  For whatever reason, Kaplan has chosen to proceed in a series of cases, rather than by amendment of Kaplan I.

depositions, and other documentation." D. Mass. R. 56.1. This is *precisely* what FHC did. In its "Statement of Undisputed Facts,"[2] filed in accordance with Local Rule 56.1, FHC referenced the Declaration of Stuart I. Greenwald (the "Greenwald Declaration") and specific pages of documents, copies of which were attached as exhibits to the Greenwald Declaration. Ironically, it is Kaplan who failed to comply with Local Rule 56.1. In his "Statement of Material Facts in Opposition to Defendant's Motion for Summary Judgment," Kaplan references a number of documents, including the various proxy statements in dispute; however, he has included no page references even though the rule requires him to do so.

### IV.   Conclusion

For the reasons set forth above and in the Motion, FHC respectfully requests that this Court grant it summary judgment and such other and further relief as it deems just and proper.

Respectfully submitted,

FIRST HARTFORD CORPORATION

By is attorneys,

  /s/ Jillian B. Hirsch
Jonathan I. Handler, BBO #561475
Jillian B. Hirsch, BBO #659531
DAY, BERRY & HOWARD LLP
One International Place
Boston, MA 02110
(617) 345-4600

-and-

John B. Nolan (Admitted *Pro Hac Vice*)
Day, Berry & Howard LLP
Cityplace I
Hartford, CT 06103
(860) 275-0100

Dated: March 28, 2006

---

[2] FHC's "Statement of Undisputed Facts" is Section II of its Memorandum of Law in Support of the Motion.

-5-

**CERTIFICATE OF SERVICE**

      I, Jillian B. Hirsch, hereby certify that on this 28th day of March 2006, I served a true and correct copy of the foregoing *Defendant First Hartford Corporation's Reply Memorandum of Law In Further Support of its Motion for Summary Judgment* via e-mail and first class mail on Larry C. Kenna, Choate, Hall & Stewart, Two International Place, Boston, Massachusetts, 02110.

                                                                /s/ Jillian B. Hirsch
                                                                   Jillian B. Hirsch