UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-10402-NMG |
| ) | C.A. No. 05-10320-NMG |
| FIRST HARTFORD CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF RICHARD E. KAPLAN'S MOTION FOR
THE CONTINUANCE OF THE TRIAL OF THESE CONSOLIDATED CASES**

The plaintiff Richard E. Kaplan, pursuant to Local Rule 40.3, hereby moves the Court for the continuance of the trial of these consolidated proxy fraud cases to a date convenient for the Court in September, 2006.

As grounds for this motion, the plaintiff states as follows:

1. Good cause exists for this motion for a continuance because (i) there is pending between these same parties a case in the District of Maine (Richard E. Kaplan v. First Hartford Corporation and Neil Ellis, C.A. No. 05-144-B-H), scheduled for trial on July 11, 2006, that could result in the dissolution of the defendant First Hartford Corporation and render the trial of these consolidated proxy fraud cases moot; (ii) the parties have waived all claims for trial by jury; and (iii) the plaintiff has been and is willing to mediate the parties' disputes, but cannot do so at the same time he is preparing for the trial of these cases in May, 2006, and the trial of the Maine dissolution case in July, 2006. A copy of the Complaint filed in the Maine litigation is attached hereto and marked <u>Exhibit A</u>.

2. At the Final Pretrial Conference for Kaplan I and Kaplan II on April 6, 2006, the Court consolidated for trial with those two cases a third proxy fraud case filed by the plaintiff against the defendant on March 9, 2006, Richard E. Kaplan v. First Hartford Corporation (C.A. No. 06-10424-NMG) ("Kaplan III").

3. At the same time, the Court ordered the parties to trial -- if the trial was to be a jury trial -- on May 1, 2006, and established a schedule for the filing of motions *in limine* and responses, proposed *voir dire*, exhibit and witness lists and objections thereto, and jury instructions.

4. Also at the Final Pretrial Conference, the Court on its own motion raised the question as to whether any of the claims asserted in the consolidated cases were jury trial claims. Following a discussion of this matter among counsel and the Court, the Court directed counsel to inform the Court by April 10, 2006, whether the parties would waive trial by jury. The plaintiff filed his waiver of trial by jury on April 7, 2006, and on April 10, 2006, the defendant stated that it had no "objection" to proceeding with the trial of these cases without a jury.

5. Concurrent with the plaintiff's waiver of trial by jury, the plaintiff requested the Court to schedule a Rule 16 Conference to further consider the scheduling of the trial of these consolidated cases, and suggested April 10 or as soon thereafter as might be convenient for the Court to hold the scheduling conference.

6. At the time of the Final Pretrial Conference, as the parties informed the Court in response to a question from the Court, the parties had voluntarily scheduled a full day mediation of their pending disputes (including these cases and the Maine litigation) for April 26, 2006. On April 12, 2006, not having heard from the Court with respect to the request for a scheduling conference in light of the waiver of jury trial claims, and anticipating the trial of these

consolidated cases in May, 2006 and the trial of the Maine litigation in July, 2006, the plaintiff was forced to withdraw from the mediation.

7. The plaintiff is preparing for the trial of these consolidated cases, and has (as ordered by the Court on April 6, 2006), served a request for the production of documents on the defendant, and noticed the depositions of the defendant and two of its officers and directors.

8. However, it is already clear from statements made to counsel for the plaintiff by counsel for the defendant that there is a dispute over the timing of the discovery allowed the plaintiff by the Court -- the plaintiff believes the Court ordered the production of the defendant's documents by April 21 and allowed the depositions to proceed thereafter (thus, the plaintiff has noticed the depositions for April 25 and April 26), while apparently the defendant believes that the plaintiff was ordered to take its depositions before the defendant was required to produce any documents.

WHEREFORE, for the reasons stated in support of this Motion for Continuance, and for the additional reason that scheduling of the jury waived trial and the course of discovery for that trial needs to be established, the Court should grant the continuance sought by the plaintiff, continue the trial of these cases to September, 2006, and establish a workable discovery schedule to govern proceedings in Kaplan III.

Respectfully submitted,

RICHARD E. KAPLAN,
Plaintiff,

By his attorneys,

/s/ Larry C. Kenna
Larry C. Kenna (BBO No. 267760)
Robert Rothberg (BBO No. 430980)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-5000

Dated: April 14, 2006

4071116.v1

# Exhibit A

Case 1:05-cv-10320-NMG   Document 24-2   Filed 04/14/2006   Page 1 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RICHARD E. KAPLAN,                    ]
    Plaintiff                            ]
                                          ]
                                          ]
v.                                    ]
                                          ]    Case No.
FIRST HARTFORD CORPORATION, and       ]
NEIL ELLIS,                           ]
    Defendants                           ]

## COMPLAINT

### INJUNCTIVE RELIEF SOUGHT

1.  This is an action in diversity under 13-C M.R.S.A. §§ 1430 et seq. brought by a minority shareholder who has no other recourse for relief, on the ground that those in control of defendant First Hartford Corporation ("FHC") have acted and are acting in ways that are illegal, oppressive, and fraudulent.

### Parties and Jurisdiction

2.  Plaintiff Richard Kaplan ("Kaplan") is a citizen of Massachusetts.

3.  FHC is a Maine corporation with its registered office in Waterville, Maine, and its principal executive offices in Manchester, Connecticut.

4.  Defendant Neil Ellis ("Ellis") is a citizen of Connecticut.

5.  Ellis is the controlling shareholder of FHC. According to FHC's last annual report, Ellis has beneficial ownership of 1,324,387 shares of common stock of FHC, which was 42.9% of its issued and outstanding shares.

6.  Although FHC is a publicly traded corporation, it has only a small market capitalization and there is a limited market for its shares of common stock.

7.  Ellis runs FHC like a small closely held corporation. The FHC Board consists solely of Ellis and two officers who are subordinate to Ellis. During the period from 1986 through January 2004, there were no shareholder meetings or elections of directors, in contravention of FHC's by-laws and Maine law.

8.  Although no shareholder meeting of FHC was called or held between 1986 and January of 2004, Ellis maintains that he has been a director and the highest ranking executive officer of FHC since 1966.

9.  Kaplan owns of record 145,719 shares of common stock of FHC.

10. The value that Kaplan seeks to protect, and the value of the object to be gained by him, is the value of his shares, which exceeds $75,000.

11. This Court has original jurisdiction under 28 U.S.C. § 1332 of this civil action between citizens of different States in which the matter in controversy exceeds $75,000 exclusive of interest and costs.

12. Venue is appropriate in this civil action under 28 U.S.C. § 1391 and 13-C M.R.S.A. § 1431.

## Basis for Relief

13. FHC, under the direction and control of Ellis, has acted and is acting in ways that are illegal, oppressive, and fraudulent, including the following:

   a. Without the input or oversight of any independent director or compensation committee, and without shareholder approval, Ellis has set and does set his own salary and the salary of every other director and executive officer;

   b. The Maine Superior Court, Kennebec County, recently determined that FHC violated the law by repeatedly refusing in bad faith to grant Kaplan reasonable access to FHC's record of shareholders;

   c. Without authorization of the FHC board, and without the input or oversight of any independent director or committee, and without shareholder approval, Ellis has engaged in numerous acts of self dealing with FHC, the details and fairness of which cannot be ascertained due to the absence of appropriate corporate and financial records and controls;

   d. Ellis has misapplied FHC corporate assets and services for his own benefit, and for the benefit of entities owned by him or by members of his family;

   e. Ellis has usurped FHC corporate opportunities for his own benefit, and for the benefit of entities owned by him or by members of his family; and

   f. FHC, under the direction of Ellis, obtained shareholder approval for a Stock Option Plan misrepresented in proxy materials, and thereafter adopted a different plan under which options were granted to insiders guaranteeing them a significant profit, all at the expense of FHC and other shareholders such as Kaplan.

14. Ellis has for many years operated FHC without concern for principles of good corporate governance, without accountability to or concern for the rights of minority shareholders, and without observing corporate formalities such as: (a) annual meetings of stockholders and elections of directors, (b) periodic meetings of the board of directors, (c) obtaining director approval of officer salaries, and (d) obtaining director approval for self-dealing transactions. As a result, FHC has been operated for the benefit of Ellis and his related entities, at the expense of the other FHC shareholders.

WHEREFORE, Kaplan requests pursuant to 13-C M.R.S.A. §§ 1430, 1431(3), & 1433, that the Court:

1) enter a judgment dissolving FHC and appointing a receiver to (a) preserve the assets and business of FHC pending its liquidation, (b) rescind transactions in which FHC assets were diverted to Ellis and his related entities, (c) recover from Ellis and his related entities all damages to which FHC is entitled on account of their wrongdoing, and (d) liquidate and wind-up the business of FHC in such manner and over such time as is determined to be in the best interests of its shareholders, and

2) appoint a receiver pendente lite to preserve the corporate assets of FHC and to carry on the business of FHC until a full hearing can be held.

Alternatively, Kaplan requests pursuant to 13-C M.R.S.A. §§ 1430 & 1434, that the Court enter an order providing for the purchase at fair value by Ellis and/or FHC of Kaplan's shares (and the shares of other shareholders who desire to sell), or for the appointment of one or more independent receivers or directors with full access to FHC corporate and financial records to make recommendations concerning the preservation of the value of FHC and its affairs in light of the self-dealing of Ellis and his other illegal, oppressive, and fraudulent acts, and the recovery on behalf of FHC of assets diverted to Ellis and his related entities and damages sustained by FHC on account of the wrongdoing of Ellis and his related entities, and such other relief as the Court may deem appropriate. Kaplan further requests that he be awarded his costs and attorneys fees incurred in the bringing of this action.

Date: September 15, 2005

/s/ David C. King, Esq.

/s/ Brent A. Singer, Esq.
Brent A. Singer, Esq.
Rudman & Winchell
Attorneys for Plaintiff
P.O. Box 1401
Bangor, ME 04402-1401
(207)947-4501
dking@rudman-winchell.com
bsinger@rudman-winchell.com

46918/47493/GW Lit. 51830

3