UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN, </br></br> Plaintiff, </br></br> v. </br></br> FIRST HARTFORD CORPORATION, </br></br> Defendant. | C.A.  No. 04-10402-NMG </br> No. 05-10320-NMG </br> No. 06-10424-NMG |

**DEFENDANT FIRST HARTFORD CORPORATION'S OPPOSITION TO PLAINTIFF
RICHARD E. KAPLAN'S MOTION TO COMPEL DEPOSITIONS**

I.   **INTRODUCTION**

For the second time in four days, plaintiff Richard E. Kaplan ("Kaplan") has filed a meritless and unnecessary motion without even attempting to confer with counsel for defendant First Hartford Corporation ("FHC"). On April 14, 2006, he filed a motion to continue the May 1 trial date and made a series of baseless arguments in support. On April 19, he filed a motion to compel depositions (the "Motion") that simply has no basis in fact or law. Essentially, by the Motion, Kaplan seeks to have this Court compel FHC to: (1) produce documents that are not yet due; and (2) make witnesses available for depositions after the close of discovery whom FHC has repeatedly offered to make available before the close of discovery. The inaccurate and self-contradictory nature of Kaplan's assertions as well as his continued failure to confer with opposing counsel before filing motions make clear that there is neither a good faith basis nor a substantial justification for the Motion. For that reason, the Court should deny the Motion.

51339283.1 030692-00050

II. **ARGUMENT**

Kaplan's Motion is a hodgepodge of factually inaccurate and contradictory statements. First, Kaplan obfuscates the Court's clear order with respect to discovery, which has several elements: (1) Kaplan is permitted additional discovery limited solely to issues raised in Kaplan III; (2) Kaplan is permitted to serve Rule 34 requests by April 13; (3) FHC has until April 21 to produce responsive documents; (3) Kaplan may take up to three depositions of no more than six hours in total length; and (4) all discovery is to be concluded by April 21, 2006. Kaplan appears to have retreated at least in part from his earlier position on discovery, i.e., "Judge Gorton did not order the depositions to be taken by April 21 . . . ." (See E-mail from L. Kenna to J. Handler dated April 12, 2006 (copy attached as Exhibit "1").) Kaplan now allows that the Court "made reference" to completing discovery in Kaplan III by April 21, although he does not explicitly recognize the import of this "reference."[1]

Second, Kaplan notes that he served his Rule 34 request within the time specified by the Court (though he waited a full week after the final pretrial conference to do so) before stating that he "determined to schedule the depositions allowed by the Court for dates after the production of documents but well before the commencement of the trial, and noticed the depositions for April 25 and 26." (Kaplan Motion at 1.) Thus, having begrudgingly acknowledged that the Court ordered discovery to close in Kaplan III on April 21, Kaplan concedes that he unilaterally chose to ignore that restriction and notice three depositions for the

---

[1] As the Court plainly stated at the final pretrial conference: "the plaintiff [is] to have limited discovery that will be completed not later than two weeks from today. That would be the 20th -- let's make it the 21st, that Friday of that week, the 21st of April." (Transcript of April 6, 2006 final pretrial conference ("Tr.") at 17:14-17.)

following week, only a few business days before the May 1 trial date.[2] Remarkably, Kaplan then accuses FHC of failing to "cooperate" by "rigidly insisting" on completing the depositions by the date provided by the Court. (Kaplan Motion at 2.) Similarly, he complains that FHC "has yet to produce any of the documents requested" by Kaplan. But of course those documents are not yet due, as Kaplan well knows. (Tr. at 17:14-17.) Moreover, FHC has informed Kaplan on multiple occasions, most recently by letter of April 18, that it fully intends to comply with the Court's order by producing responsive documents prior to April 21 and by making its witnesses available for deposition by that date. (See Letter from J. Handler to L. Kenna dated April 18, 2006 (copy attached as Exhibit "2"); see also Letter from J. Handler to L. Kenna dated April 12, 2006 (copy attached as Exhibit "3").) Had Kaplan not adhered to his longstanding practice of filing motions without first conferring with opposing counsel (see Fed. R. Civ. P. 37 and Loc. R. 37.1), he would have learned that FHC has gathered responsive documents and intends to produce them on April 20.

### III.     CONCLUSION

Kaplan has filed a Motion to Compel FHC to: (1) produce documents that are not yet due; and (2) make three witnesses available for deposition after the close of discovery that FHC has repeatedly agreed to make available prior to that date. It is not entirely clear what Kaplan hopes to achieve with this Motion other than to perhaps trigger a delay in the trial. The Court should, for the reasons stated above, deny the Motion.

---

[2] Kaplan fails to state why he "determined" to violate the Court's instruction by noticing depositions for the week before trial, although elsewhere his counsel has acknowledged that a planned vacation required it. (See Letter from L. Kenna to J. Handler dated April 12, 2006 (copy attached as Exhibit "4").)

Respectfully submitted,

FIRST HARTFORD CORPORATION

By its attorneys,

/s/ Jonathan I. Handler
Jonathan I. Handler, BBO #561475
Jillian B. Hirsch, BBO #659531
DAY, BERRY & HOWARD LLP
One International Place
Boston, MA 02110
(617) 345-4600

-and-

John B. Nolan (admitted *pro hac vice*)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103
(860) 275-0100

Dated: April 20, 2006

## CERTIFICATE OF SERVICE

I, Jillian B. Hirsch, do hereby certify that on this 20th day of April, 2006, I served a true and correct copy of the foregoing **Defendant First Hartford Corporation's Opposition to Plaintiff Richard E. Kaplan's Motion to Compel Depositions** via e-mail and first class mail on Larry C. Kenna, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110.

/s/   Jillian B. Hirsch
Jillian B. Hirsch

# EXHIBIT 1

## Handler, Jonathan I.

**From:** Kenna, Larry [LKenna@choate.com]
**Sent:** Wednesday, April 12, 2006 4:17 PM
**To:** Handler, Jonathan I.
**Subject:** Discovery for Kaplan III

Jonathan, I have your fax of just a few minutes ago. My recollection of Judge Gorton's order is that we were to request documents by April 13, that FHC was to produce the documents by no later than April 21, and that we were permitted to take 3 depositions. Judge Gorton did not order the depositions to be taken by April 21, since that was the deadline for your production of documents. I have noticed the depositions consistent with my recollection of the discussion on April 6, and expect you to produce your witnesses for deposition on April 25 and 26, as noticed. LCK

Larry C. Kenna

C H O A T E

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-2113
f 617-248-4000
lkenna@choate.com
www.choate.com

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

# EXHIBIT 2

# Day, Berry & Howard LLP
COUNSELLORS AT LAW

Jonathan I. Handler
Direct Dial: (617) 345-4734
E-mail: jihandler@dbh.com

April 18, 2006

**VIA FACSIMILE AND REGULAR MAIL**

Larry C. Kenna, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110

Re: **Richard E. Kaplan v. First Hartford Corporation**
**C.A. Nos. 04-10402-NMG / 05-10320-NMG / 06-10424-NMG**

Dear Larry:

We have your email from late Friday in response to my letter from earlier that day. Your email simply states that "the deposition notices fully comply with what Judge Gorton discussed as a schedule for discovery." They do not. The hearing transcript clearly indicates, as we have told you beginning last Wednesday, that all discovery including depositions is to be completed by April 21. It would seem apparent that you are attempting to create a "discovery dispute" where one does not and should not exist.

As we represented to the Court on April 6, we intend to fully comply with the discovery schedule. We will produce shortly documents responsive to your Rule 34 request, as limited by the Court's instruction as to the permissible scope of discovery; we remain prepared to make witnesses available after the production of documents and before the close of business on April 21.

Sincerely,

Jonathan I. Handler

JIH/lm
cc: First Hartford Corporation
John B. Nolan, Esq.
Robert Rothberg, Esq. (by facsimile)

# EXHIBIT 3

Case 1:05-cv-10320-NMG   Document 29-4   Filed 04/20/2006   Page 1 of 2

# Day, Berry & Howard LLP
COUNSELLORS AT LAW

Jonathan I. Handler
Direct Dial: (617) 345-4734
E-mail: jihandler@dbh.com

April 12, 2006

**VIA FACSIMILE AND REGULAR MAIL**

Larry C. Kenna, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110

    Re:    **Richard E. Kaplan v. First Hartford Corporation**
            **C.A. No. 04-10402-NMG / 05-10320-NMG / 06-10424-NMG**

Dear Larry:

    We just received your letter attaching three deposition notices for April 25 and 26. You will recall, however, that at the April 6 pretrial conference, Judge Gorton ordered that whatever additional discovery you required for Kaplan III was to be concluded by April 21. The dates on your notices obviously do not comply with that schedule. Please let us know as soon as possible whether it is your intention to take any depositions within the period set forth by the Court and, if so, when you propose to do so.

                                      Sincerely,

                                      Jonathan I. Handler

JIH/lm
cc:    First Hartford Corporation
        John B. Nolan, Esq.

# EXHIBIT 4

# CHOATE

CHOATE HALL & STEWART LLP

Larry C. Kenna<br>
(617) 248-2113<br>
lkenna@choate.com

April 12, 2006

BY HAND

Jonathan I. Handler, Esq.
Day, Berry & Howard LLP
One International Place
Boston, MA 02110

RE:   Richard E. Kaplan v. First Hartford Corporation

Dear Jonathan:

Enclosed are three (3) deposition notices.

In light of my vacation schedule, Judge Gorton's order of April 6, 2006 regarding FHC's obligation to produce documents by no later than April 21, 2006, and the trial of these cases set to begin on May 1, 2006, the dates of these depositions cannot be negotiated.

Very truly yours,

*Larry Kenna* (signature)

Larry C. Kenna

LCK/slw
Enclosures

cc:   Richard E. Kaplan, Esq.
      Robert Rothberg, Esq.